No. 31,003.

THE RAILROAD BUILDING, LOAN AND SAVINGS ASSOCIATION, *Appellee*, v. CLARENCE F. GRAYUM et al., *Defendants;* THE BANKERS MORTGAGE COMPANY, *Appellant*, and THE MERCHANTS NATIONAL BANK of TOPEKA and THE STATE BANK OF OTTAWA, *Appellees*.

(15 P. 2d 405.)

Opinion filed November 5, 1932.

*N. J. Ward, F. A. Holder* and *J. A. Fleming,* all of Topeka, for the appellant.

*Wilbur S. Jenks,* of Ottawa, *H. W. Hart,* of Wichita, and *C. O. Conkey,* of Newton, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by the Railroad Building, Loan and Savings Association to foreclose a mortgage, given in June, 1924, as a first lien on the real estate described in the mortgage. The Bankers Mortgage Company held a recorded mortgage on the real estate, given in October, 1927, and was made a party defendant. In closing its loan the Bankers Mortgage Company gave a check on its account with the Merchants National Bonk of Topeka to take up the building and loan association mortgage. The circumstances were such that if the proceeds of the check came into the hands of an agent of the building and loan association, the building and loan association mortgage was satisfied, and the Bankers Mortgage Company had a first lien; if not, the mortgage company had a remedy against the Merchants National Bank and the State Bank of Ottawa. The two banks were made parties defendant. The Bankers Mortgage Company undertook by answer and cross-petition to place its situation before the court and to procure an adjudication which would protect it, either by decree of first lien, or by declaratory judgment against the banks, as the facts might be determined. The portions of the pleading designed to accomplish this result were stricken out, and the mortgage company was required to elect whether it would assert agency, and thereby abandon remedy against the banks, or deny agency, and thereby abandon claim of first lien.

Clarence F. Grayum, owner of the land involved, gave a mortgage to the building and loan association for $1,250. Title subsequently passed to F. A. Clark. The mortgage company approved a loan to Clark for $1,750, to be secured by mortgage which would be a

first lien. The mortgage was executed and recorded. To close the loan on the terms stated, the mortgage company issued its check on the Merchants National Bank of Topeka for $1,614.81, payable "to the order of F. A. Clark and the Railroad Building and Loan Association." The check was delivered to Clark, and Clark indorsed the check as follows:

"F. A. CLARK
Railroad Building Loan
and Savings Association
F. A. CLARK, Agt., Ottawa, Kans."

Clark deposited the check thus indorsed in the State Bank of Ottawa, and the proceeds were credited to his account. The State Bank of Ottawa indorsed the check as follows:

"Pay to the order of any Bank,
Banker or Trust Co.
All prior indorsement guaranteed.
Oct. 7, 1927.
STATE BANK OF OTTAWA.
83-93 Ottawa, Kansas 83-93
H. L. JEWELL, Cashier."

The State Bank forwarded the check thus indorsed for collection, and the check was duly paid by the Merchants National Bank, which charged the amount to the account of the mortgage company. Clark was a bonded abstractor and furnished the abstract of title on which the loan to him was closed. He made a fictitious entry on the abstract showing release of the building and loan association mortgage, and the mortgage company did not discover the facts until shortly before the foreclosure action was commenced.

It was an open question of fact whether Clark was agent of the building and loan association, with authority to indorse the check, so that his receipt of the proceeds bound the building and loan association. If the evidence should require an affirmative answer, the mortgage company had a first lien. If the evidence should require a negative answer, the check was wrongfully charged to the mortgage company's account.

The mortgage company filed an answer and cross-petition. In the first cause of action, Clark's note and mortgage were pleaded, and it was alleged Clark was agent of the building and loan association. In the second cause of action, the paragraphs of the first cause of action relating to the giving of Clark's note and mortgage were

incorporated by reference. The pleading then alleged that the building and loan association asserted to the mortgage company that Clark was not agent; that the mortgage company communicated the assertion to the Merchants National Bank and demanded refund of the check; and that the bank refused to accede to the demand. In this part of the pleading the mortgage company alleged Clark did not have authority to indorse the check. The third cause of action incorporated by reference portions of the answer and cross-petition relating to Clark's note and mortgage, and continued as follows:

"That there have arisen various controversies and contentions as between the parties to this action; that either the said F. A. Clark was authorized to indorse the check as agent of the plaintiff, or the plaintiff is estopped from so asserting, and in either event this cross-petitioning defendant has a first and prior lien upon the real estate involved in this action for the debt due it together with interest and costs as hereinbefore alleged.

"2. That if, as plaintiff [the building and loan association] asserts the said F. A. Clark was not authorized to indorse said check on behalf of the plaintiff, or the plaintiff is not estopped from so asserting, then the Merchants National Bank of Topeka, Kansas, improperly paid said check and charged the account of this defendant with the amount thereof.

"3. That because of the various contentions made in this action and the controversies as between the parties thereto, this cross-petitioning defendant asks the court to declare the rights of the parties and to grant to them such relief as is proper upon the facts as found by the court."

The pleading concluded with the following prayer:

"Wherefore, this cross-petitioning defendant asks for a determination and declaration of the rights of the parties to this action and for judgment as against such parties as are liable therefor in the sum of one thousand seven hundred fifty dollars ($1,750), with interest at ten per cent (10%) per annum from April 1, 1930, and for the costs of this action, and for such other relief as the court determines to be proper under the facts in this case."

On motions of the building and loan association and of the two banks the third cause of action was stricken out and the mortgage company was required to elect upon what theory it would proceed.

We are met at the threshold with a contention that the orders of the district court are not appealable orders. The orders have the effect of determining the action and preventing judgment in these respects: If the mortgage company should elect that Clerk was agent of the building and loan association, judgment against the banks would be prevented. If the mortgage company should elect that Clark was not agent, judgment that the building and loan association mortgage is not a first lien would be prevented. In either

event, judgment determining without election the truth about the relation of Clark to the building and loan association, and declaring the rights of the parties accordingly, would be prevented. Therefore, the orders are appealable orders. (R. S. 60-3303.)

It is not possible that in the same transaction Clark should have authority to act for the building and loan association and should be without such authority. In one cause of action the mortgage company alleged Clark had authority, and in another cause of action alleged he did not have authority. Looking solely at these allegations, they were inconsistent. But that is not the proper way to interpret the pleading. It must be construed as a whole.

There is no doubt that the mortgage company might have pleaded in this manner: Defendant has information and believes that Clark was agent of the building and loan association, but the building and loan association asserts Clark was not its agent; wherefore, being in a dilemma, defendant prays the court to ascertain the truth of the matter and to render such judgment as the established facts may require. The mortgage company might even have pleaded in this manner: Defendant has information and believes that Clark was agent of the building and loan association, and hence so alleges. But the building and loan association asserts Clark was not its agent and hence defendant so alleges; wherefore, etc. The court is satisfied this is the true intent and effect of the pleading filed. The third cause of action and the prayer of the pleading indicate the positive assertions of the first and second causes of action were formal, and that what the pleader was striving to do was to meet contingencies of proof respecting agency and to obtain relief according to the facts when ascertained. Such a pleading is always permissible.

In case of a sale induced by fraud, the buyer has it within his own power to affirm or to rescind, and thereby conclusively to establish sale or no sale. If he assumes one attitude, he may not afterwards assume a contradictory attitude. We have no such situation here. If the mortgage company should choose to assert agency, that would preclude remedy against the bank, but would not establish agency; the building and loan association could still refute agency. If the mortgage company should choose to assert no agency, that would preclude claim of first lien as against the building and loan association, but would not establish no agency; the bank could still prove agency. Being in this situation, the mortgage company may not itself be compelled to spring the steel trap of election and surrender

valuable privileges depending on existence or nonexistence of agency, before it knows and the court knows whether agency did exist or did not exist. This would be true without a declaratory-judgment law, but one of the purposes of the declaratory-judgment act (R. S. 60-3127 to 60-3132) was to afford relief from just such vexatious predicaments. If the building and loan association had not moved first, the mortgage company might have commenced an action under the statute for a declaration of right, with or without consequential relief. The law expressly states it was designed to afford relief from the uncertainties and the insecurity attending controversies over legal rights, and that it shall be liberally construed; and the mortgage company may do, by answer and cross petition, what it might have done by original petition.

The case bristles with actual controversy within the meaning of the declaratory-judgment act. The answer and cross petition shows that by affidavit of the president and secretary of the building and loan association, received by the mortgage company on July 24, 1931, the building and loan association asserted Clark did not have authority to indorse the check. On July 29 the building and loan association commenced the action against the mortgage company to foreclose the building and loan association mortgage as a first lien. On July 26 the mortgage company delivered the affidavit and the original check to the Merchants National Bank and demanded reimbursements. On August 5 the bank declined to comply with the demand. The attitudes of the building and loan association and the bank are repugnant to each other, and separately maintained would leave the plaintiff without any remedy. The mortgage company's resistance to being forced into this snare constitutes actual controversy.

The district court has ample authority to proceed according to the prayer of the answer and cross petition, and to adjudicate the whole controversy at one trial.

The motions to require election concede that no election has yet been made. This is of course true as to the bank. As against the building and loan association, the demand on the bank, based on the building and loan association affidavit, cannot be regarded as such a decisive step as to preclude assertion by the mortgage company of a first lien should the evidence establish Clark's authority to indorse the check.

For the sake of brevity, this opinion has referred only to the sub-

ject of Clark's authority or lack of authority to indorse the check. The mortgage company also pleaded other defenses against the building and loan association.

The answer and cross petition does not disclose on its face that cause of action against the banks is barred by limitation.

The judgment of the district court is reversed, and the cause is remanded with direction to deny the motions to strike and the motions to require election.

The judgment in the companion case, No. 31,004, *The Railroad Building, Loan and Savings Association v. Riley Curtiss et al.*, is also reversed, and the cause is remanded with the same direction.