(646 P 2d 1133)
No. 53,199

ROBERT J. RATLEY, *Appellee,* v. SHERIFF'S CIVIL SERVICE BOARD OF
SEDGWICK COUNTY, KANSAS, *Appellant.*

Opinion filed
June 17, 1982.

*Richard A. Euson,* assistant county counselor, of Wichita, for appellant.

*Ted L. Peters,* of Wichita, for appellee.

Before ABBOTT, P.J., REES and MEYER, JJ.

MEYER, J.: This is a declaratory judgment action brought to
determine certain procedural rules applicable to hearings before a

sheriff's civil service board, pursuant to the provisions of K.S.A. 19-4327.

On September 9, 1980, the sheriff of Sedgwick County, Kansas, dismissed Robert J. Ratley (appellee) from employment with said sheriff's office. Appellee timely filed a request pursuant to K.S.A. 19-4327 for a hearing before the Sheriff's Civil Service Board of Sedgwick County, Kansas (appellant or Board). Appellee waived, in writing, his right to a hearing within fifteen days and agreed to a hearing date of November 25, 1980. On that date, the hearing began with substantial preliminary discussion as to whether the sheriff or the employee would bear the burden of proof, and whether the hearing should be open or closed to the public.

After considering the arguments of counsel, the Board determined that the employee had the initial burden to prove that the act of termination from employment was unreasonable, and that the proceedings should be held in closed session. Following said ruling, appellee's counsel requested that the meeting be adjourned so that appellee could prosecute an appeal to the district court for declaratory judgment.

On February 6, 1981, appellee filed the present action in the district court for the Eighteenth Judicial District of the State of Kansas. The purpose of the action was a determination of the proper burden of proof to be applied by the Board in a hearing held pursuant to K.S.A. 19-4327. The district court conducted a hearing, and subsequently, on April 6, 1981, entered its journal entry of judgment, granting to appellee the relief prayed for. The effect of this judgment was to reverse the earlier decision by the Board, and to cast upon the sheriff the initial burden of presenting evidence to establish a prima facie case that the termination was reasonable. The judgment also declared that the proceedings should be open to the public. Appellant has appealed only that portion of the judgment relating to burden of proof.

The first issue presented for our determination is whether declaratory judgment relief was proper under the circumstances of this case.

The rules pertinent to declaratory judgment are set out at K.S.A. 60-1701 *et seq.* Summarized, they include the following: (a) the case must involve an actual controversy; (b) the court has the power to make a binding adjudication of rights; and (c) declaratory relief may be granted even though no consequential relief is, or at that time could be, prayed for.

K.S.A. 60-257 also pertains to declaratory judgments. That statute provides:

"The procedure for obtaining a declaratory judgment pursuant to article 17 of this chapter, shall be in accordance with this article, and the right to trial by jury may be demanded under the circumstances and in the manner provided in K.S.A. 60-238 and 60-239. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

The issue then is whether, in the words of the statute, declaratory relief was "appropriate" under the facts of the instant case.

Declaratory judgment has, historically, not been deemed an appropriate avenue for relitigation of a legal issue already decided by a tribunal in which an actual controversy is still pending and from which an orderly appeal process may be pursued. See 26 C.J.S., Declaratory Judgments § 40, pp. 122 *et seq.*, for an excellent discussion of this rule. See also *Macht v. Hecht Co.,* 191 Md. 98, 59 A.2d 754 (1948); and *Whitelaw v. Burke, Tax Com'r,* 290 Ky. 372, 161 S.W.2d 595 (1942).

A leading Kansas case on this subject has held in conformity with the general rule. In *Pugh v. City of Topeka,* 151 Kan. 327, 99 P.2d 862 (1940), the court said:

"The relief contemplated by the declaratory judgment act (G.S. 1935, 60-3127 to 60-3132) does not, in the absence of unusual circumstances or emergency features, include its use in pending actions to secure declarations on questions of law involved and in process of determination therein, nor as a substitute for ordinary actions which afford reasonably adequate remedies." Syl. ¶ 3.

"An examination of many cases in other jurisdictions, under similar statutes, shows an overwhelming weight of authority in support of the proposition that declaratory relief is conditioned upon the absence of any other adequate or practicable remedy and that it is not to be used merely as a substitute for ordinary actions, either at law or in equity. Particularly is its use not sanctioned in another action where the same issues are actually being determined. The rule is thus stated in 16 Am. Jur. 295:

" 'The courts will ordinarily refuse to entertain an action for a declaratory judgment as to questions which are determinable in a pending action or proceeding between the same parties. A declaratory judgment is not a proper mode of determining the sufficiency of legal defenses to a pending action. A disputed question of law or procedure raised in a pending suit is not such an actual controversy as comes within the letter, reason, or spirit of the declaratory judgments act.' " 151 Kan. at 331.

Appellee points out that K.S.A. 60-257 has been enacted in the

interim since *Pugh* was decided. He argues that this statute liberalized the restrictions on and requirements for declaratory relief, and that the rule of law stated in *Pugh* should no longer control. We are cognizant of the chronology here involved and we acknowledge appellee's general statements of policy. Nevertheless, we conclude that, whatever other effects its enactment might have had, K.S.A. 60-257 was not intended to alter the long-standing rule of law exemplified by *Pugh.*

In Kansas, appeals from certain administrative tribunals are governed by K.S.A. 1981 Supp. 60-2101. That statute, at subsection (*d*), provides:

"A *judgment rendered or final order made* by an administrative board or officer exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal." (Emphasis added.)

In *Thompson v. Amis,* 208 Kan. 658, Syl. ¶¶ 5, 6, 7, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972), the court, in considering K.S.A. 60-2101, said:

"Where a district court has appellate jurisdiction to review the decisions of a quasi-judicial body, it has no jurisdiction in an independent equitable action to review alleged errors."

"The term 'quasi-judicial' is applied to administrative boards or officers empowered to investigate facts, weigh evidence, draw conclusions as a basis for official actions, and exercise discretion of a judicial nature."

"The Civil Service Board of Kansas exercises quasi-judicial functions and if a party is aggrieved by its order, the remedy is by appeal pursuant to K.S.A. 60-2101(*a*), which remedy is exclusive."

When conducting a hearing pursuant to K.S.A. 19-4327, a sheriff's civil service board is exercising quasi-judicial functions. Therefore, any appeal from a decision or ruling by such a board must be taken exclusively under K.S.A. 1981 Supp. 60-2101(*d*), and not by an independent action, such as one for declaratory relief.

This result finds additional support in the holding of an even more recent opinion by the Kansas Supreme Court. In *Jarvis v. Kansas Commission on Civil Rights,* 215 Kan. 902, 528 P.2d 1232 (1974), a case quite analogous to the instant appeal, the court held thus:

"In an appeal from an order of the district court granting a declaratory judgment and an injunction against the Kansas Commission on Civil Rights from continuing or persisting in its efforts to require the respondent to pay moneys to complainant either in a conciliation conference or at a public hearing, the record

is examined and it is *held:* The judgment and injunction should be set aside on the ground the administrative remedies provided by the Kansas Act Against Discrimination have not been exhausted." 215 Kan. 902, Syl.

*Jarvis,* concerned the employee's failure to request a mandatory rehearing at the agency level before seeking review in the district court. While not precisely in point with the instant case, the philosophy underlying the exhaustion of remedies doctrine of administrative law has equal application to the situation now before this court, the failure to pursue available avenues of direct judicial appeal from agency decisions prior to filing an independent and collateral action in the district court. K.S.A. 1981 Supp. 60-2101(*d*) provides an adequate remedy for persons aggrieved by agency action. Resort to declaratory relief is not necessary, and therefore such relief is not "appropriate" in cases such as this one.

We conclude that the above statutes and case authority are dispositive herein and that declaratory relief was not appropriate in this case. Therefore, the trial court was incorrect in assuming jurisdiction over appellee's declaratory action.

We note appellee's argument by which he attempts to distinguish this case from *Pugh, Thompson,* and *Jarvis.* He points to the following language from *Hill v. City of Lawrence,* 2 Kan. App. 2d 457, Syl. ¶¶ 5, 6, 582 P.2d 1155, *rev. denied* 225 Kan. 844 (1978):

"Declaratory relief is ordinarily not available where the same issue can be determined in an ordinary action, and particularly where such an action is already pending.

"The rule of paragraph 5 does not apply, however, where the issue involved in the declaratory judgment action is distinct from that involved in the pending action relied on to deny declaratory relief."

Appellee argues that the issue before the Board (reasonableness of termination) differs from that presented to the district court (proper allocation of burden of proof). What appellee is overlooking is that while the ultimate issue before the Board was not the same as the ultimate issue before the district court, the issue before the district court had already been decided as a corollary or sub-issue to the ultimate issue before the Board. In the *Hill v. City of Lawrence* case, on the other hand, the pending mandamus and declaratory judgment actions raised wholly different and separate issues; there was no overlap in the questions presented, and no attempt was made to relitigate a legal issue previously

decided. The instant case does not fall within the limited exception carved out in *Hill.*

We conclude that the trial court erred in accepting this declaratory judgment action. It follows that this case must be reversed and remanded to that court with instructions to vacate said judgment and to dismiss appellee's declaratory judgment action for lack of jurisdiction.

Reversed and remanded to the district court with directions to dismiss for lack of jurisdiction.