(805 P.2d 1255)

No. 65,082

WICHITA COMPUTER & SUPPLY, INC., a Kansas Corporation, *Appellant*, v. MULVANE STATE BANK, a Kansas Corporation, *Appellee*.

Petition for review denied April 23, 1991.

Opinion filed February 22, 1991.

*John C. King* and *Linda D. King*, of King & King, P.A., of Wichita, for appellant.

*Jay C. Hinkel* and *Alan V. Johnson*, of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, for appellee.

Before BRAZIL, P.J., DAVIS and LARSON, JJ.

BRAZIL, J.: Wichita Computer & Supply, Inc., (Wichita Computer) appeals entry of judgment in favor of Mulvane State Bank (Bank) in a declaratory action involving the applicability of K.S.A. 84-3-406 in an action concerning an unauthorized drawer's signature. We reverse and remand with directions.

The facts are not in dispute. Wichita Computer maintained a checking account at Bank. In 1986, Wichita Computer's bookkeeper obtained checks without authority, made the checks payable to herself through a "dummy" business by forging Wichita Computer's president's signature, and deposited the checks in her bank. The bookkeeper had unsupervised full access to and responsibility for all financial functions of Wichita Computer. Over a period of eight months, eleven forged checks totaling $37,089.70 were paid from the account. The first two forged checks were paid by Bank prior to Wichita Computer receiving the monthly bank statement containing any of the forgeries. The first notice provided by Wichita Computer to Bank of specific forged checks designated by check number and amount occurred by letter dated March 20, 1987.

Upon noticing the forged checks, Wichita Computer demanded to have its account credited with the amount of the checks, relying on K.S.A. 84-4-401(1) (checks not properly payable) and on K.S.A. 84-4-406(3) (lack of ordinary care in paying the items). Bank's refusal to credit the account was based in part on K.S.A. 84-3-406 (customer's negligence contributing to the making of the unauthorized check).

Wichita Computer filed a civil action in 1988, which the district court dismissed without prejudice at Wichita Computer's request. K.S.A. 60-241(a)(2). Wichita Computer then filed a declaratory action seeking to determine the applicability of K.S.A. 84-3-406. The district court granted judgment for Bank, finding that "defendant should be allowed to pursue at trial defenses under both K.S.A. 84-4-406 and K.S.A. 84-3-406."

As phrased by Wichita Computer, the issue on appeal is "[w]hether the district court erred in holding that a bank which is liable to its customer if bank lacked ordinary care in paying checks over unauthorized signatures may shift that loss to its customer under K.S.A. 84-3-406." In short, should Bank be allowed to use K.S.A. 84-3-406 as a defense?

However, based on its brief and oral argument, what Wichita Computer sees as the real conflict between the statutes is that, under K.S.A. 84-3-406, Bank must establish that it acted in a commercially reasonable manner and, under K.S.A. 84-4-406, the customer has to establish that Bank failed to act in a commercially reasonable manner. Therefore, if both K.S.A. 84-4-406 and K.S.A. 84-3-406 are allowed to be raised in the same action, the question is which party has the burden of proving the commercial reasonableness of Bank's action. For whatever its reason, the trial court did not decide the burden of proof issue; the journal entry only indicated that both statutes may be argued—not who has the burden of proof.

This same issue (applicability of K.S.A. 84-3-406/burden of proof) was submitted to the trial court in the 1988 civil action, apparently about one week before the trial was scheduled to begin. The judge in that case refused to give Wichita Computer a ruling until after the presentation of evidence, prompting Wichita Computer to dismiss that case without prejudice and file the instant declaratory judgment action.

Based upon this procedural background, this panel has, on its own motion, raised the question of whether the district court abused its discretion by entertaining this declaratory judgment action.

In order to entertain an action for declaratory judgment, there must be an "actual controversy." K.S.A. 60-1701. Implicit in this requirement is that Kansas courts "will not render advisory opinions on abstract or moot questions of law." 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-1701 (1979). See *Cady v. Cady*, 224 Kan. 339, 345, 581 P.2d 358 (1978); 22A Am. Jur. 2d, Declaratory Judgments §§ 33, 38.

Whether a dispute rises to the level of an actual controversy is one of degree, and the entertainment of the action rests within the discretion of the trial court. *Mechling Barge Lines v. U.S.*,

368 U.S. 324, 331, 7 L. Ed. 2d 317, 82 S. Ct. 337 (1961) (declaratory relief "committed to judicial discretion"); *Md. Casualty Co. v. Pacific Co.,* 312 U.S. 270, 273, 85 L. Ed. 826, 61 S. Ct. 510 (1941) (difference between abstract question and controversy is one of degree). "Such discretion, however, is not unlimited. The Court must exercise 'sound' discretion [citation omitted] in accordance with the purposes of the Declaratory Judgments Act." *Ohio Cas. Co. v. Jackson County Bank,* 562 F. Supp. 1165, 1167 (W.D. Wis. 1983). The exercise of discretion by the trial court will not be disturbed on appeal absent a clear showing of abuse of discretion. *Duggins v. Hunt,* 323 F.2d 746, 748 (10th Cir. 1963); 22A Am. Jur. 2d, Declaratory Judgments § 17, p. 684.

"Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court. If reasonable [persons] could differ as to the propriety of the action taken by the trial court then it cannot be said that the trial court abused its discretion. All judicial discretion must thus be considered as exercisable only within the bounds of reason and justice in the broader sense, and only to be abused when it plainly overpasses those bounds." *Stayton v. Stayton,* 211 Kan. 560, 562, 506 P.2d 1172 (1973).

" 'The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2759, pp. 647-48 (1983).

See 22A Am. Jur. 2d, Declaratory Judgments § 39. Declaratory judgments "should not be accorded . . . to try a controversy by piecemeal, or to try particular issues without settling the entire controversy." *Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir. 1937). See also *Ohio Cas. Co. v. Jackson County Bank,* 562 F. Supp. at 1169 (declaratory judgments "must not be used to resolve only particular issues without settling the entire controversy"); *Aetna Casualty & Surety Co.,* 92 F.2d at 324 (declaratory judgments should not be used "for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction").

Kansas law is clear that a declaratory action is not a proper "avenue for relitigation of a legal issue already decided by a

tribunal in which an actual controversy is still pending and from which an orderly appeal process may be pursued." *Ratley v. Sheriff's Civil Service Board,* 7 Kan. App. 2d 638, 640, 646 P.2d 1133 (1982). This is true of questions relating to the burden of proof regarding issues in a pending suit. 26 C.J.S., Declaratory Judgments § 40. See also *Jefferson County ex rel. Coleman v. Chilton,* 236 Ky. 614, 33 S.W.2d 601 (1930) (declaratory action seeking a determination of the burden of proof filed during pendency of case is not proper). Moreover, declaratory actions cannot be used as a way of retrying matters previously litigated, 26 C.J.S., Declaratory Judgments § 23, nor used "as a substitute for ordinary actions which afford reasonably adequate remedies," *Pugh v. City of Topeka,* 151 Kan. 327, Syl. ¶ 3, 99 P.2d 862 (1940).

In *Chilton,* the Kentucky Supreme Court, on its own motion, raised the question "whether the Declaratory Judgment Act warranted an independent action for a declaration of substantive rights and procedural rules for the government of another case then pending in a court of first instance which possessed ample power to decide all the questions raised." 236 Ky. at 617.

In dismissing the declaratory judgment action, the court in *Chilton* reasoned as follows:

"[T]he purpose of the Declaratory Judgment Act was and is to guide parties in their future conduct to avoid useless litigation. . . .

"But the act was not designed, and is not suitable, for the determination of the procedural rules, or the declaration of the substantive rights involved in a pending suit. . . .

. . . .

". . . The proper tribunal to determine [burden of proof] is the one that tries the case. It is sometimes a question of difficulty, and may be varied by the incidents of the case, the admissions or denials of the pleadings, and the facts developed. But the trial court can determine it. A decision of these questions on the brief statement of the general issues would afford no relief from labor or difficulty. That burden would rest upon one or the other party and is unavoidable in a lawsuit of this character. There is no short cut to avoid labor or to reach a right result in such a case. . . .

. . . .

"Our decision would not settle the argument among the litigants. The other case would have to be tried, and the court could not render a final judgment without further preparation by one or the other of the litigants. . . .

"We are asked not to avoid a threatened lawsuit, but to advise on questions raised in a pending one; to decide in the appellate court in advance of a decision in the trial court, whether a cause of action exists, and in whose favor, who has the burden of proof, and when the statute of limitation begins to run.

"It cannot be maintained that this case falls within the provision that 'any person whose rights are affected by statute, municipal ordinance, or other government regulation, may apply for or seek a declaration of his rights or duties.' " 236 Ky. at 618-20.

In *Chilton*, there was another case pending when the declaratory judgment action was filed. In the present case, the 1988 civil action was dismissed without prejudice before this action was filed. This may be a distinction without a difference in that this court can remand to the trial court with direction to dismiss the declaratory judgment action without prejudice, thus leaving Wichita Computer free to refile its original action.

Like *Chilton*, a decision in this declaratory judgment action will not resolve the ultimate issue between these parties (liability for the loss occasioned by the forged checks).

Also, the trial court in the damage action can and should determine procedural issues like burden of proof. Again, as noted in *Chilton*, the issue of burden of proof is sometimes difficult and may vary in a given case as that case proceeds, through admissions or denials in the pleadings, discovery, or as the facts are developed at trial. This may well be the reason why the judge in the 1988 civil trial refused to determine the burden of proof issues until after the presentation of evidence. A separate declaratory judgment action was not appropriate.

The most any decision by this court could affect either party would be to change a party's understanding of the burden of proof. It will not change whether the parties proceed with a subsequent action over the substantive rights or the evidence at such a proceeding.

The declaratory judgment action was not a proper avenue for the determination of the applicability of K.S.A. 84-3-406/burden of proof issue; the court's entertaining of the action was an abuse of discretion.

Reversed and remanded with directions to dismiss the action without prejudice.