(93 P.3d 718)

No. 90,625

WESTBORO BAPTIST CHURCH, INC., *Appellant*, v. DAVID L. PATTON, In his Official Capacity as Chairman, Kansas Board of Tax Appeals; JILL A. JENKINS, In Her Official Capacity as a Member, Kansas Board of Tax Appeals; DWIGHT D. KEEN, In His Official Capacity as a Member, Kansas Board of Tax Appeals; and CALVIN T. ROBERTS, In His Official Capacity as a Member, Kansas Board of Tax Appeals, *Appellees*.

Opinion filed July 9, 2004.

*Margie J. Phelps* and *Jonathon B. Phelps*, of Phelps Chartered, of Topeka, for appellant.

*Steve Phillips*, assistant attorney general, and *Phill Kline*, attorney general, for appellees.

Before RULON, C.J., HILL, J., and WAHL, S.J.

*Per Curiam*: The Westboro Baptist Church (WBC) appeals the dismissal of its action in the district court seeking declaratory or injunctive relief against members of the Board of Tax Appeals (BOTA). WBC sought an order requiring members of BOTA to respond to voir dire questions proposed by WBC in an action seeking tax exempt status for their 1995 Ford pickup truck. BOTA ruled that it had no statutory authority to respond to voir dire questions. WBC responded by filing an action for relief in the district court. The district court dismissed WBC's petition, finding it lacked subject matter jurisdiction because WBC failed to exhaust its administrative remedies and failed to take a proper appeal under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq*. The district court further found WBC failed to state a claim under 42 U.S.C. § 1983 (2000). We affirm.

WBC is a Baptist church involved in what it describes as a controversial street ministry. As part of its religious ministry, WBC regularly pickets against homosexuality in public forums. The truck for which WBC filed an application for a tax exemption is used to transport picket signs for which WBC seeks a religious use exemption.

On December 3, 2001, BOTA member Susan M. Seltsam considered and granted an oral motion by WBC to disqualify herself from all further proceedings. WBC then filed a motion which requested all BOTA members to respond to voir dire questions which generally asked whether the members had ever made any statements, signed any written documents, or read any information regarding WBC's picketing activities.

On January 10, 2002, BOTA denied the request for written voir dire. WBC did not file a petition or motion for disqualification pursuant to K.S.A. 2003 Supp. 77-514(c) of the Kansas Administrative Procedure Act.

On January 22, 2002, WBC filed a motion to reconsider and a renewed motion for a stay. WBC generally argued it had a due process right to discover facts that might show bias before filing a motion pursuant to K.S.A. 2003 Supp. 77-514(c). BOTA denied reconsideration but held the matter of exemption should be stayed until the issue of the requested voir dire of individual board members is resolved through an interlocutory appeal.

On May 22, 2003, WBC filed a petition for mandamus, or declaratory or injunctive relief against four members of BOTA, seeking an order requiring them to answer the proffered voir dire questions. The petition also states a cause of action under 42 U.S.C. § 1983.

BOTA moved to dismiss due to lack of jurisdiction, K.S.A. 60-212(b)(1), and for failure to state a claim, K.S.A. 60-212(b)(6). The district court granted the motion to dismiss, finding no jurisdiction. The court held that WBC's proper remedy was an appeal under the KJRA. The court further found WBC had not exhausted its administrative remedies. In regards to WBC's 42 U.S.C. § 1983 claim, the court held that because WBC had failed to pursue avail-

able disqualification procedures under K.S.A. 2003 Supp. 77-514, WBC could not claim denial of due process.

WBC first claims the district court improperly dismissed its claim for lack of subject matter jurisdiction.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002). In matters concerning a tax exemption, a party must exhaust its administrative remedies before resorting to the courts in an independent action. *Tri-County Public Airport Authority v. Board of Morris County Comm'rs*, 233 Kan. 960, 967, 666 P.2d 698 (1983). Whether a party is required to or has failed to exhaust its administrative remedies is a question of law over which the appellate court's review is unlimited. *Miller v. Kansas Dept. of SRS*, 275 Kan. 349, 353, 64 P.3d 395 (2003).

This matter was filed as a Chapter 60 petition for mandamus, or declaratory or injunctive relief against BOTA. By filing the petition, WBC was attempting to appeal the BOTA orders denying WBC's motion to have the board members respond to voir dire questions. The orders are interlocutory in nature. WBC recognizes that, in matters relating to tax exemptions, a party is required to exhaust administrative remedies by taking the matter before BOTA and, from there, timely seeking review of the ruling on the tax matter to this court.

K.S.A. 74-2426 provides two routes for review of BOTA orders—a KJRA appeal to this court or to the district court, depending on the type of case. The above statute does not provide for a collateral action under Chapter 60 such as WBC filed in this case. Because K.S.A. 74-2426(c) specifies a means of review of BOTA orders, no other means of review can be taken.

The KJRA is the exclusive remedy for review of agency actions unless the agency is specifically exempted by statute. K.S.A. 77-603(a); K.S.A. 77-606. BOTA has not been specifically exempted. In *Kansas Sunset Assocs. v. Kansas Dept. of Health & Environment*, 16 Kan. App. 2d 1, 3, 818 P.2d 797 (1991), this court affirmed a district court's dismissal of a Chapter 60 declaratory judgment action against the Kansas Department of Health and Environment as barred by the plaintiff's failure to comply with the procedural

requirements of the KJRA. Similarly, in *Farmers Banshares of Abilene, Inc. v. Graves*, 250 Kan. 520, 522-23, 826 P.2d 1363 (1992), our Supreme Court affirmed the district court's dismissal of a Chapter 60 action seeking mandamus and injunctive relief against the Secretary of State. The court held that the plaintiff's exclusive remedy was through the KJRA. 250 Kan. at 523. Mandatory, injunctive, and declaratory relief are available through the KJRA when properly invoked. K.S.A. 77-622(b).

Our Supreme Court continues to recognize the KJRA as the exclusive means of review of an agency action. *Schall v. Wichita State University*, 269 Kan. 456, Syl. ¶ 15, 7 P.3d 1144 (2000). Because K.S.A. 74-2426 provides a process for review of BOTA's orders, either to this court or a district court in the context of a KJRA action, a separate action or claim for declaratory or injunctive relief is not available.

WBC improperly sought injunctive relief through the Chapter 60 action. BOTA is a quasi-judicial agency. *In re Appeal of News Publishing Co.*, 12 Kan. App. 328, 334, 743 P.2d 559 (1987). A party's right to obtain review of decisions of a quasi-judicial body, even in those cases when a district court may have what is in effect appellate jurisdiction, is limited. Even where the courts have jurisdiction to review the quasi-judicial body's action in some form, the courts do not have jurisdiction to review alleged errors in an independent action such as the present one requesting declaratory and injunctive relief against BOTA. *Ratley v. Sheriff's Civil Service Board*, 7 Kan. App. 2d 638, 641, 646 P.2d 1133 (1982); *Thompson v. Amis*, 208 Kan. 658, Syl. ¶ 5, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972). The courts will generally refuse to entertain an action for declaratory relief as to issues which are determinable in a pending action or proceeding between the same parties. 7 Kan. App. 2d at 640.

In *Ratley*, a county employee requested a hearing on his dismissal before the Sheriff's Civil Service Board. The Board's hearing began with preliminary discussion on who would bear the burden of proof and whether the hearings should be open to the public. Before the Board reached a substantive decision on whether to uphold the employee's dismissal, the employee filed a declaratory

judgment action in the district court to obtain a determination as to the preliminary issues regarding the burden of proof and the public nature of the meetings. The district court granted the request for declaratory relief and entered a judgment. 7 Kan. App. 2d at 639. On appeal, this court reversed the district court's judgment granting declaratory relief, remanding with directions to dismiss for lack of jurisdiction, concluding that the district court erred in accepting a declaratory judgment action. 7 Kan. App. 2d at 643. We concluded that declaratory judgment actions are not appropriate when avenues of direct appeal from agency decisions are available. 7 Kan. App. 2d at 640-42.

WBC relies on a line of cases that generally hold that BOTA cannot decide due process issues; rather, it is limited to tax issues within its unique expertise. See *J. Enterprises, Inc. v. Board of Harvey County Comm'rs*, 253 Kan. 552, 565-66, 857 P.2d 666 (1993). However, the administrative process would be inefficient if BOTA was restricted to only the tax-related issues. Due process issues and procedural questions come up in many cases. If the parties sought a declaratory judgment for every procedural issue that arose, the process would be inefficient. An appeal to the district court should occur only after all issues related to the tax appeal have been addressed, including procedural issues.

Likewise, in *Zarda v. State*, 250 Kan. 364, 826 P.2d 1365, *cert. denied* 504 U.S. 973 (1992), which was relied on by WBC, the taxpayers attempted to bring a declaratory judgment action arguing that the alphabetically staggered registration system for cars was unconstitutional. The *Zarda* court, concluding that BOTA had the power to resolve administrative issues but had no power to resolve constitutional issues, upheld the district court's dismissal. The *Zarda* court held the challenge was to the Department of Revenue's regulations, which is an administrative function. 250 Kan. at 369. BOTA can resolve administrative issues.

By filing the declaratory judgment action, WBC is attempting to bypass the exhaustion requirement. The KJRA expressly requires exhaustion. K.S.A. 77-612. According to the exhaustion doctrine, no one is entitled to judicial relief until the prescribed administrative remedy has been exhausted. *Jarvis v. Kansas Commission on*

*Civil Rights,* 215 Kan. 902, 905, 528 P.2d 1232 (1974). Reasons for requiring the exhaustion of administrative remedies are comity, convenience, administrative efficiency, and the recognition of the separation of powers. *Mattox v. Department of Transportation,* 12 Kan. App. 2d 403, 404-05, 747 P.2d 174 (1987), *rev. denied* 242 Kan. 903 (1988). The primary purpose of the exhaustion of administrative remedies is the avoidance of premature interruption of the administrative process. *Junction City Education Ass'n v. U.S.D. No. 475,* 264 Kan. 212, Syl. ¶ 3, 955 P.2d 1266 (1998).

An instructive case on why exhaustion of administrative remedies is important is *In re Tax Appeal of Colorado Interstate Gas Co.,* 270 Kan. 303, 14 P.3d 1099 (2000), which involved a proper KJRA appeal from a BOTA decision. The court ruled that two of the constitutional issues raised on appeal were not ripe for determination:

"We recognize that BOTA has no authority to rule on these constitutional issues. See *Zarda v. State,* 250 Kan. 364, 370, 826 P.2d 1365, *cert. denied* 504 U.S. 973 (1992). However, we have no way of knowing whether, after further proceedings before BOTA applying the correct standard of review, a case or controversy will remain. 'It is the duty of the courts to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles which cannot affect the matters in issue before the court.' *Miller v. Sloan, Listrom, Eisenbarth & Glassman,* 267 Kan. 245, 262, 978 P.2d 922 [(1999.)]" 270 Kan. at 305.

Here, exhaustion would be beneficial. First, the law provides for a remedy for disqualifying BOTA members in K.S.A. 77-514(c). If there is evidence of bias, WBC could first avail itself of the procedure for petitioning for the disqualification of administrative hearing officers. Second, WBC might have been successful in the substantive issue before BOTA; the tax appeal and the present appeal then would not be necessary. The taxpayer should exhaust administrative remedies and finish the proceedings before being able to challenge BOTA's ruling. If BOTA were to refuse WBC's application for tax exempt status for the truck, WBC could then properly raise the issue of BOTA's refusal to grant WBC's request for voir dire in an appeal.

Following *Ratley*, 7 Kan. App. 2d 638, WBC may not maintain a declaratory judgment action against BOTA prior to exhausting the administrative process. The controversy in this case is speculative and there is no indication of any bias by BOTA. WBC should be required to exhaust administrative remedies before BOTA by completing the process on its pending tax exemption application and then, if necessary, seeking an appeal. The district court properly ruled it was without jurisdiction to consider WBC's claims.

WBC further argues the district court erred in dismissing WBC's 42 U.S.C. § 1983 claim of deprivation of due process. The district court held that WBC had an adequate remedy by statute for purposes of due process because WBC had the ability to seek disqualification of BOTA members per K.S.A. 77-514(c). WBC argues that this remedy is inadequate because without voir dire, WBC does not have the ability to obtain the necessary information to determine if a motion to disqualify is appropriate. WBC argues that voir dire is necessary because of the propensity of individuals to react in a strong and negative way to WBC's religious message. As we understand, WBC argues that without the ability to conduct voir dire, there is no remedy available.

The provisions of 42 U.S.C. § 1983 provide, in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. § 1983 is not a source of substantive rights, but is a method for vindicating federal rights elsewhere conferred. *Swinehart v. City of Ottawa*, 24 Kan. App. 2d 272, 275, 943 P.2d 942 (1997). A 42 U.S.C. § 1983 claim has two essential elements: whether the conduct complained of was committed by a person acting under color of state law and whether the conduct deprived a person of rights, privileges, or immunities secured by the laws or Constitution of the United States. *Prager v. Kansas Dept. of Revenue*, 271 Kan. 1, 11-12, 20 P.3d 39 (2001).

WBC has failed to establish that there is a constitutional right to voir dire of administrative board members and has not asserted any facts demonstrating actual bias on the part of BOTA members or that the existing statute for disqualification is inadequate. WBC essentially argues that this case is special because WBC has a controversial religious message and that WBC is denied due process of law without a requirement that the BOTA members answer the voir dire questions.

WBC does not cite any cases that state there is an absolute due process right to voir dire of administrative hearing panel members, although WBC refers to many cases where voir dire of an administrative panel was allowed. There is advisory authority to the contrary, holding that there is no constitutional right to conduct voir dire on members of a quasi-judicial or administrative body. In *Holley v. Seminole County School Dist.*, 755 F.2d 1492 (11th Cir. 1985), the Eleventh Circuit expressly rejected a tenured teacher's claim that due process required that he be allowed to voir dire the school board. Similar to the present case, the teacher argued there was a general political atmosphere which disfavored him. He wanted to voir dire the Board to investigate for "potential bias." The court held that the right to voir dire the members of the board without cause was not required by the Due Process Clause and was not a matter of right. 755 F.2d at 1497-98. Claims of possible bias do not present a constitutional issue. Disqualification and other procedures are a matter of legislative discretion. *Chamberlain v. Wichita Falls Independent School Dist.*, 539 F.2d 566, 571 (5th Cir. 1976).

In a similar case, the Pennsylvania appellate court rejected a teacher's claim that he was denied due process by the school board's refusal to subject its members to voir dire examination:

"No authority for the right to conduct a voir dire examination of the members of an administrative agency engaged in the adjudicative process is cited and none seems to exist. Voir dire is the examination and interrogation of prospective jurors; its purpose is to assist counsel in challenging jurors for cause, so that a competent, fair, impartial and unprejudiced jury may be seated. *Commonwealth v. McGrew*, 375 Pa. 518, 100 A.2d 467 (1953). The differences between the process of selecting and the functions of juries on the one hand, and administrative agencies with quasi-judicial powers on the other are too plain to require our exposition.

Voir dire is not available to test members of administrative bodies engaged in adjudicating issues committed to their decision. The administrative process should be speedy, cheap and simple, keeping the role of lawyers to the minimum necessary to achieve fairness. See Professor K. Davis's hornbook, Administrative Law Text 14 (3rd ed. 1972).

"Of course, due process must be accorded in administrative proceedings and of course unfair and biased adjudications of administrative agencies will be set aside. However, the matters concerning which Graham's hearing counsel desired to examine the school board members' prior knowledge, prior discussions, prior resolutions or viewing of evidence are not events, even if shown to have occurred, which would impugn the fairness of the members, or otherwise offend due process. *Withrow v. Larkin*, 421 U.S. 35, 43 L. Ed. 2d 712, 95 S. Ct. 1456, (1975); *Rayne v. Edgewood School District*, 19 Pa. Cmwlth. 353, 339 A.2d 151 (1975)." *Graham v. Mars Area School Dist.*, 52 Pa. Commw. 116, 118-19, 415 A.2d 924 (1980).

Voir dire of the members of an administrative panel is not necessary for due process when there is no indication of bias or prejudice. *Mendicino v. Whitchurch*, 565 P.2d 460, 470-71 (Wyo. 1977).

WBC argues that its situation is unique because of its controversial religion and that voir dire of BOTA members is necessary for due process. WBC contends that because the exemption is based upon a "religious belief and practice that is roundly despised and vilified," voir dire is necessary to establish a neutral panel. However, the record does not include facts which show any reason for bias or prejudice on the part of BOTA. In all cases, the judge or hearing officers have been exposed to outside influence and situations; however, this does not mean that they cannot be impartial. If WBC's position is accepted, all judges or hearing officers could be subject to voir dire in all cases to establish possible prejudice. Without evidence of bias or prejudice, there is no reason voir dire is required.

Because BOTA members are statutorily subject to the rules of judicial conduct applicable to all judges of the district court, the Board members may and will recuse themselves as they think necessary. K.S.A. 2003 Supp. 74-2433. In fact, Susan Seltsam properly followed this statute by recusing herself from the present case.

There is no reason to believe that BOTA cannot give WBC a fair hearing on the exemption application. WBC simply states a fear that it may not receive a fair hearing. BOTA was not even given a chance to rule on the actual tax exemption. WBC has failed to state a claim under 42 U.S.C. § 1983. The district court properly dismissed the petition.

Affirmed.