No. 48,902

CHARLES H. HEAD, *Appellant,* v. MARVIN KNOPP and DIGHTON
LIVESTOCK AUCTION MARKET, INC., *Appellees.*

(587 P.2d 867)

Opinion filed
December 9, 1978.

*B. A. Lightfoot,* of Jetmore, argued the cause and was on the brief for the
appellant.

*John D. Osborn,* of Calihan, Green, Calihan & Lloyd, of Garden City, argued
the cause and was on the brief for the appellees.

The opinion of the court was delivered by

OWSLEY, J.: This is an action by an employee to recover wages
which he contends were wrongfully withheld. The sole issue is
whether plaintiff's cause of action is barred by the statute of
limitations.

Plaintiff Charles H. Head filed this action on June 12, 1975,
alleging that during the period from April 1, 1972, to October 1,
1972, defendant employers Marvin Knopp and Dighton Live-
stock Auction Market, Inc., withheld from him the sum of
$525.00 in wages. Defendants' answer set up the statute of limi-
tations as a defense. Plaintiff was subsequently given leave to
amend his petition to increase the sum sought to $973.72, plus
interest. On June 9, 1976, the court granted plaintiff's motion for
summary judgment and plaintiff relinquished his claim for any
amount exceeding $900.00, plus interest. On August 4, 1976, the
court set aside the summary judgment on defendants' motion and
allowed plaintiff to withdraw his relinquishment of claim. De-
fendants subsequently moved to dismiss the action on the ground
it was barred by the statute of limitations. The court sustained the
motion.

Plaintiff claims the trial court granted the motion on the basis
of the two-year limitation period contained in K.S.A. 60-513,
whereas defendants assert the trial court acted pursuant to 60-
514(3), limiting actions to one year "upon statutory penalty or

forfeiture." At oral argument both parties addressed themselves solely to 60-514(3).

In our judgment, the provisions of K.S.A. 60-513 do not apply. This action is controlled by 60-512(1), which assigns a three-year statute of limitations to all actions upon contracts, obligations or liabilities expressed or implied, but not in writing, unless defendants are correct in their assertion that the action is barred by the one-year statute of limitations set forth in 60-514(3).

Defendants' answer alleges any wages withheld were paid to plaintiff's creditors with his consent. Defendants have conceded, however, they had no written authorization from plaintiff to withhold wages. Plaintiff's motion for summary judgment was based upon K.S.A. 44-319, which states:

"(a) No employer may withhold, deduct or divert any portion of an employee's wages unless: . . . (3) the employer has a signed authorization by the employee for deductions for a lawful purpose accruing to the benefit of the employee."

Defendants argue that since K.S.A. 44-323 provides "[w]illful violation of . . . this act [including 44-319] by an employer . . . is a class C misdemeanor," an action based upon 44-319 is one for a statutory penalty or forfeiture, and the action is barred by the one-year statute of limitations.

In his petition plaintiff does not cite or rely upon any statute that would entitle him to recover any amount in excess of wages actually earned. His cause of action arises from an oral contract for the payment of wages. K.S.A. 44-319 does not provide a basis for a cause of action, nor does it provide for a penalty or forfeiture. In an action by an employee against an employer for wages withheld, the statute provides the defense of consent to withhold must be based on an authorization signed by the employee. The fact plaintiff relied upon 44-319, the violation of which is controlled by 44-323, does not make the cause of action one which is based upon a statutory penalty or forfeiture and subject to a one-year statute of limitations. We hold plaintiff's cause of action does not seek a statutory penalty or forfeiture and is thereby controlled by the three-year statute of limitations provided in K.S.A. 60-512(1).

Defendants contend that even if the three-year statute of limitations applies, a portion of plaintiff's claim is barred from recovery. Plaintiff claims the statute of limitations did not begin to run until the employment was terminated, relying on *Cole v.*

*Emerson,* 133 Kan. 442, 444, 1 P.2d 249 (1931). That case involved a contract of employment in which there was no fixed time for the payment of compensation. The court quoted 37 C.J. 824:

" 'If the contract of employment does not fix any time for payment, the general rule, in the absence of construction of the agreement to the contrary, is that the statute begins to run when the work is completed, and not sooner; for the promise to pay continues up to the time the work is finished.' "

A different rule applies, however, where the contract of employment fixes a time for payment:

"Where a person is hired by the week, month, or year, his right to compensation accrues at the end of each week, month, or year, and the statute then begins to run, and he can recover only what has accrued within the statutory period before the commencement of his action." 54 C.J.S., Limitations of Actions § 133, pp. 49-50.

See *Sturgis v. Kansas City,* 151 Kan. 658, 663, 100 P.2d 661 (1940).

The record does not indicate whether plaintiff and defendants had specified a fixed time for payments in the oral contract for employment. This fact must be determined in connection with further proceedings in the trial court.

Defendants moved to dismiss the appeal on March 11, 1977, and the motion was denied by this court on March 21, 1977, with leave to renew on the merits. Defendants renew the motion in their brief.

The trial court originally heard defendants' motion to dismiss on March 2, 1977, and overruled the motion. Defendants claim the trial court abused its discretion because plaintiff offered no explanation, excuse or reason for his delay in filing his record on appeal to this court pursuant to old Supreme Court Rule No. 6 (*g*) (not now applicable under new rules adopted by the court, effective January 10, 1977). It is well settled that "an affirmative finding of excusable neglect is inherent in the trial court's order overruling the motion to declare the appeal abandoned," (*Franklin v. Northwest Drilling Co., Inc.,* 215 Kan. 304, 307, 524 P.2d 1194 [1974]), and the trial court's finding will not be disturbed absent a showing of abuse of discretion. *Van Brunt, Executrix v. Jackson,* 212 Kan. 621, 625-26, 512 P.2d 517 (1973). Here, there has been no showing of abuse of discretion and defendants' renewed motion to dismiss is denied.

The judgment of the trial court is reversed.

FROMME, J., not participating.