(798 P.2d 68)
No. 64,924

DEBBRA SPOR AND DEMITA JO ELLIOTT, *et al.*, *Appellants*, v. PRESTA OIL COMPANY, INC., d/b/a DART-IN, *Appellee*.

Opinion filed September 14, 1990.

*Robert R. Johnson* and *Jon R. Craig*, of Garden City, for the appellants.

*Randall D. Grisell* and *Mark E. McFarland*, of Doering & Grisell, P.A., of Garden City, for the appellee.

Before LEWIS, P.J., RON ROGG, District Judge, assigned, and RICHARD W. WAHL, District Judge Retired, assigned.

ROGG, J.: Debbra Spor and Demita Jo Elliott appeal from the trial court's dismissal of their action for wrongful withholding of wages.

Spor and Elliott filed a class action lawsuit in district court alleging that Presta Oil Company, Inc., was wrongfully withholding wages. They made various claims under K.S.A. 44-313 *et seq.*, the Kansas Wage Payment Act, and a claim for violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (1988). Plaintiffs requested a declaratory judgment that Presta's practice was wrongful; an injunction against such practices by Presta; plus actual, statutory, and punitive damages.

The class was never certified. Presta moved to dismiss, arguing that actions under the wage payment act must be brought with the Secretary of Kansas Department of Human Resources.

The district court dismissed the case.

The basis for the dismissal was that the plaintiffs have failed to exhaust their administrative remedies pursuant to the Kansas Wage Payment Act, K.S.A. 44-313 *et seq.*

In the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-612 provides: "A person may file a petition for judicial review under this act only after exhausting all administrative remedies." Here, plaintiffs did not seek judicial review of an agency action; they initially sought to bring their case before a district court.

The issue presented is the question of concurrent jurisdiction of the district court and the Kansas Department of Human Resources.

*Can plaintiffs choose their forum by initially filing their claim with the district court or the Department of Human Resources?*

K.S.A. 44-322 and K.S.A. 1989 Supp. 44-322a establish a comprehensive administrative remedy for claims for back wages. K.S.A. 44-324(a) provides: "Any proceeding by one or more employees to assert any claim arising under or pursuant to this act may be brought in any court of competent jurisdiction." This is clear, unambiguous language granting courts concurrent jurisdiction with the Secretary of Human Resources to hear back wage claims.

Although this question has not been considered on appeal by a Kansas court previously, there are at least six reported appellate cases where an employee had brought a claim directly in district court. See *Temmen v. Kent-Brown Chev. Co.*, 227 Kan. 45, 605 P.2d 95 (1980); *Wells v. Davis*, 226 Kan. 586, 603 P.2d 180 (1979); *Head v. Knopp*, 225 Kan. 45, 587 P.2d 867 (1978); *Holder v. Kansas Steel Built, Inc.*, 224 Kan. 406, 582 P.2d 244 (1978); *McGowen v. Southwestern Bell Tel. Co.*, 215 Kan. 887, 529 P.2d 97 (1974); *Benjamin v. Manpower, Inc., of Wichita*, 3 Kan. App. 2d 657, 600 P.2d 148 (1979).

· One federal case, *Smith v. MCI Telecommunications Corp.*, 124 F.R.D. 665 (D. Kan. 1989), did touch on K.S.A. 44-324(a). *Smith* stands for the proposition that at least where an employee asserts a claim under the wage payment act and under statutes over which the Secretary of the Kansas Department of Human Resources would have no jurisdiction (RICO), the employee may

proceed directly in a trial court. Because the holding of *Smith* is limited and it is not binding precedent, it is relatively unimportant for purposes of this case.

At least two other states have a statutory provision identical to 44-324(a)—Idaho and Wyoming. Although the Wyoming provision has not been interpreted, Idaho clearly allows claims to be brought directly in district court pursuant to Idaho Code § 45-617 (1989 Supp.). See *Schoonover v. Bonner County*, 113 Idaho 916, 750 P.2d 95 (1988); *Rodwell v. Serendipity, Inc.*, 99 Idaho 894, 591 P.2d 141 (1979).

It seems to us that the language of K.S.A. 44-324(a) controls. "The fundamental rule of statutory construction is that the intent of the legislature governs. [Citation omitted.] When construing a statute, a court should give words in common usage their natural and ordinary meaning." *Hill v. Hill*, 13 Kan. App. 2d 107, 108, 763 P.2d 640 (1988). The legislature's intent, based on its clear, unambiguous language, is that a claim for wages may be brought directly in district court by an employee.

We reverse the trial court, finding that the dismissal was not required and, therefore, remand for further proceedings consistent with this opinion.

Reversed and remanded.