No. 66,701

FARMERS BANSHARES OF ABILENE, INC., *Appellant,* v.
HON. BILL GRAVES, STATE OF KANSAS, *Appellee.*

(826 P.2d 1363)

Opinion
filed February 28, 1992.

*H. Boone Porter, III,* of Lewis, Rice & Fingersh, of Overland Park, argued the cause, and *James E. Kelley, Jr.,* of the same firm, was with him on the briefs for appellant.

*Daniel P. Kolditz,* deputy attorney general, argued the cause, and *Robert T. Stephan,* attorney general, and *Martha M. Snyder,* assistant attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: Farmers Banshares of Abilene, Inc., (Farmers) filed this action on behalf of itself and a class of corporations similarly situated, seeking mandamus and injunctive relief to compel the Kansas Secretary of State (the Secretary) to refund corporate franchise taxes that had been collected from the proposed class. The trial court granted the defendant's motion to dismiss and denied Farmers' motions to certify the class and to impound incoming corporate franchise tax collections.

The facts are not in dispute. Farmers is a for-profit corporation organized and existing under the laws of Kansas. It is classified as a "shell holding company."

Each domestic for-profit corporation must file an annual report with the Secretary upon forms prescribed by the Secretary. K.S.A. 1991 Supp. 17-7503(a). This form is referred to as "Form AR." Payment of the corporation's franchise tax should accompany Form AR. K.S.A. 1991 Supp. 17-7503(c). The formula for calculating franchise taxes is statutory. Each corporation required to

pay a franchise tax is subject to a $20 minimum or a $2,500 maximum tax. K.S.A. 17-7501(e); K.S.A. 1991 Supp. 17-7503(c).

Prior to January 1991, Form AR incorrectly instructed corporations how to calculate the corporate franchise tax. As a result, Farmers had been overpaying its corporate franchise taxes. For the 1989 tax year, Farmers' accountants recommended that Farmers pay only the $20 minimum tax. If Farmers had followed the instructions included with Form AR, Farmers would have overpaid its corporate franchise tax by $1,622.

Farmers filed its 1989 tax year Form AR with a check for the $20 minimum tax attached. The Secretary sent written notice to Farmers that its Form AR was unacceptable and its franchise tax payment was insufficient. Farmers was instructed to submit a corrected tax return. Farmers sent the Secretary written notice that Farmers' franchise tax was correctly calculated according to the statutory formula. The Secretary advised that unless Farmers complied with the Secretary's directive, Farmers could face forfeiture of the corporation and financial penalties. In September 1990, a meeting was held at the Secretary's offices. At that meeting, Farmers presented the Secretary with a detailed memorandum, explaining Farmers' claim that Form AR contained instructions contrary to the statute. Another meeting was held in December 1990. On January 22, 1991, the Secretary sent Farmers a letter acknowledging that Farmers' interpretation of the formula was correct. The Secretary declined to honor Farmers' request for a refund of the franchise taxes Farmers had overpaid for the years 1985 through 1988 on the grounds that Farmers' request was not timely. Farmers' return for the 1989 tax year was accepted.

The letter also notified Farmers that as of January 22, 1991, a new Form AR had been promulgated to comply with the statutory formula. This form bears the legend, "Rev. 1/91 cs." Farmers points out that in December 1990, the Secretary had promulgated a revised form, bearing the legend "Rev. 12/90 cs," which also contained the erroneous instructions. In early January 1991, the Secretary sent out forms containing the erroneous instructions to corporations whose tax year ended December 31, 1990. At the time the Secretary promulgated the revised form in December, 1990, he was aware of the potential problem with

the instructions because of his meetings and correspondence with Farmers, but had not concluded that Farmers' position was correct. The Secretary allowed all corporations that filed a 1990 tax year return after January 22, 1991, the date the Secretary accepted Farmers' position that the instructions on the form AR were in error, to file an amended return using the revised and now correct instructions.

On January 28, 1991, Farmers filed suit, seeking declaratory, injunctive, and refund relief. In its petition, Farmers stated it overpaid its corporate franchise tax by $1,346 in 1985, by $1,412 in 1986, by $1,478 in 1987, and by $1,623 in 1988 for a total of $5,859. Farmers also filed a motion for class certification. On February 19, 1991, the Secretary filed a motion to dismiss. On February 25, 1991, Farmers filed a motion to impound franchise tax payments.

The trial court granted the Secretary's motion to dismiss and denied Farmers' motions for class certification and to impound funds. Farmers timely appealed. This court granted Farmers' motion to transfer the case from the Court of Appeals to the Supreme Court.

Farmers first argues it has a civil cause of action under chapter 60, separate and apart from the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601, *et seq.* Thus, Farmers claims it does not have to exhaust administrative remedies.

Farmers raises a number of other issues, including the interpretation of K.S.A. 17-7508. On today's date, this court filed its opinion in *Dean v. State*, 250 Kan. 417, 826 P.2d 1372 (1992) and *Zarda v. State*, 250 Kan. 364, 826 P.2d 1365 (1992). Both cases decide the basic issue before us, whether Farmers was required to exhaust administrative remedies and whether Farmers' motion for class certification should have been granted.

In *Dean*, we held that interpretation of a statute is a necessary and inherent function of an agency in its administration or application of that statute. The agency should not be subjected to litigation in the courts until the taxpayer has exhausted administrative remedies. Agency actions are the heart of this case; Farmers is protesting the manner in which taxes were assessed.

Because the forms of relief sought by Farmers are provided for in K.S.A. 77-622, Farmers' exclusive remedy is through KJRA.

Farmers did not follow statutory procedure and, therefore, is not entitled to a refund for the years 1985-88. The trial court did not err in so holding. Farmers paid the correct tax for 1989 and 1990, and the Secretary corrected the instructions prior to Farmers' filing suit. There is no remaining tax refund issue before this court.

The reasoning this court expressed in *Dean* and *Zarda* disposes of Farmers' arguments concerning the trial court's dismissal of the class action. Although we do not reach the issue, it appears Farmers also lacks standing to bring a class action because it is not a member of the class, *i.e.,* it is not entitled to a refund; it paid the correct amount in 1989 and 1990; and the instructions were corrected before Farmers filed its suit.

Farmers' remaining issues are considered and disposed of adversely to Farmers pursuant to *Dean v. State* and *Zarda v. State*.

Affirmed.