John B. Klenda, Counsel McPherson Area Solid Waste Utility Suite 201, The Grand Bldg. 100 W. Kansas Avenue McPherson, Kansas 67460
Dear Mr. Klenda:
As legal counsel for the McPherson area solid waste utility (utility) you request our opinion regarding whether the utility is eligible to participate in the deferred compensation plan under section 456 of the internal revenue code.
The Kansas deferred compensation plan is governed by K.S.A. 75-5521 etseq. K.S.A. 75-5529a authorizes local governments of the state of Kansas to participate in the plan. The eligibility of local governments as "employers" is defined by K.S.A. 74-4902(13) in pertinent part:
 "`Eligible employer' means the state of Kansas, and any county, city, township, special district or any instrumentality of any one or several of the aforementioned. . . ."
As your letter indicates, the utility was formed in 1991 as a separate legal entity through an interlocal cooperation agreement pursuant to K.S.A. 12-2901 et seq. This agreement was between McPherson county and several cities within that county for the purpose of collection and disposal of solid waste. Therefore, while the utility is not a county, city, township or special district, it may be an eligible employer for purposes of the Kansas deferred compensation plan as an "instumentality" of the county and cities which created it.
The nature, powers and duties of a separate legal entity created through an interlocal cooperation agreement are set forth in K.S.A.12-2904a as follows:
 "(a) Any interlocal agreement entered into under the provisions of K.S.A. 12-2901 et seq., and amendments thereto, may authorize the creation of a separate legal entity to conduct the joint or cooperative action provided for in the agreement. Such separate legal entity shall constitute a body corporate and politic, and shall have, in addition to any other powers reasonably necessary to the exercise of its function under the agreement, the following powers to:
"(1) Sue and be sued in its corporate name;
 "(2) take and hold any property, real or personal, in fee simple or otherwise;
 "(3) sell, lease, lend or otherwise transfer any property or interest in property owned by it;
"(4) make contracts; and
"(5) have and use a corporate seal.
 "Any such separate legal entity shall not constitute a municipality within the meaning of K.S.A. 10-1101, and amendments thereto, or a political subdivision of the state under any provision of the law of this state establishing limits on bonded indebtedness. . . ."
The agreement does create a separate legal entity which is a "body corporate and politic." The Kansas deferred compensation plan does not define "instrumentality" for the purpose of the act. The fundamental rule of statutory construction is that the intent of the legislature governs and, when construing a statute, a court should give words in common usage their natural and ordinary meaning. Spor v. Presta Oil Co.,14 Kan. App. 2d 696 (1990). We have concluded that the Kansas municipal gas agency, which was created by interlocal agreement, fell within the definition of a municipality under the Kansas tort claims act. Attorney General Opinion No. 90-124. We stated that although this was a separate legal entity, it is also an "agency, authority, institution or instrumentality" of the cities that created it. Similarly, we conclude that the utility is an instrumentality of McPherson county and the cities, including Canton, Galva, Inman, Lindsborg, Marquette, McPherson, Moundridge and Windom.
In conclusion, as the McPherson solid waste utility was created by an interlocal agreement pursuant to 12-2901 et seq., it is considered an instrumentality of the county and cities that created it and thus qualifies as an eligible employer for purposes of the Kansas deferred compensation plan.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas