**Antonio SMITH, Plaintiff,**

v.

**DOUGLAS CABLE COMMUNICATIONS, Defendant.**

**No. 93–4009–RDR.**

United States District Court, D. Kansas.

March 13, 1995.

---

1. For the same reason, the court will not award, under supervision costs, the $3,000.00 amount included for overhead (Pl.Exh. 23).

Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for plaintiff Antonio Smith.

Antonio Smith, Topeka, KS, pro se.

David P. Troup, Weary, Davis, Henry, Struebing & Troup, Junction City, KS, for

defendant Douglas Cable Communications, L.P.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This employment discrimination and breach of contract action is now before the court upon defendant's summary judgment motion.

The general guidelines for analyzing summary judgment motions were reviewed by the Tenth Circuit in *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1414 (10th Cir.1993):

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Applied Genetics Int'l v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).

The undisputed facts in this case are as follows. Plaintiff is an African–American male born on December 4, 1941. Defendant is a cable television service provider. Plaintiff was hired by defendant as a part-time telemarketer in September 1989. When he was hired by defendant, plaintiff worked solely on a commission basis. He did not have a written employment contract. Plaintiff was an "at-will" employee. Plaintiff signed an employment application for defendant which acknowledged that he could be discharged at any time with or without cause.

On November 9, 1989, Kenneth Proctor, a thirty-one year old white male, was hired by defendant as the new telemarketing director. Plaintiff asserts that no notice for this position was posted where he saw it. On November 30, 1990, Proctor hired Richard Forque, a forty year old white male, as the evening supervisor of the telemarketing department. Plaintiff claims he did not see or hear of this opening before it was filled.

About this time, plaintiff received $100.00 a week in the pay period, rather than payment based solely on commission. Defendant returned to paying plaintiff strictly on a commission basis on or about January 1, 1990.

Proctor resigned as telemarketing director in February 1990. Defendant hired Michael Jaros, a forty-seven year old white male, for the vacancy on or about March 3, 1990. Jaros counseled plaintiff regarding poor sales performance on or about March 19, 1990. Plaintiff contends this was a pretext for discrimination because, while his sales production was better than most of the other employees on his shift, only he received a written reprimand from Jaros. However, it appears that most of the employees with worse sales figures left employment with defendant or were discharged shortly after Jaros was hired.

Forque resigned as evening telemarketing supervisor effective March 30, 1990. Plaintiff contends that he mailed a written application for Forque's position on April 2, 1990. On April 9, 1990, Christopher Hay, a thirty year old white male, was hired as the new evening supervisor. One month earlier Hay had applied for the position of telemarketer. His personnel file does not contain a written application for the position of evening supervisor. His personnel file also indicates that

he had less than one year of supervisory or marketing experience when he was promoted to the position of evening supervisor. Plaintiff asserts that he had management experience operating officers' clubs when he was in the U.S. Air Force. Plaintiff also has supervisory experience in hotels and nightclubs in Topeka, Kansas. Plaintiff has sales experience selling appliances for Montgomery Ward and insurance with Farmers Insurance Group. Plaintiff claims additional experience as a theater manager with Dickinson Operating Company and as a sales representative for Allied Business Systems.

Plaintiff has three claims for relief. Defendant asks for summary judgment against all three claims.

### 1. Breach of contract

■ According to the pretrial order in this case, plaintiff claims that in late October or early November of 1989, he and a supervisor named Jim Metzger agreed to change the basis on which plaintiff would receive compensation as a telemarketer. Plaintiff alleges it was agreed that plaintiff would be paid $100.00 per week in salary, plus commissions. Plaintiff contends that defendant breached this agreement by unilaterally discontinuing the $100.00 weekly salary in the early part of 1990.

Defendant argues that plaintiff's account of the "agreement" with Metzger is, first of all, unclear, but also preposterous. Defendant also argues that since plaintiff was an "at-will" employee, his compensation could be modified unilaterally by his employer without breaching plaintiff's contractual rights. Finally, defendant asserts that plaintiff's breach of contract claim is barred by the three-year statute of limitations for oral contracts, because the breach first occurred in October or November of 1989, and this case was not filed until January 1993.

We reject defendant's arguments. While plaintiff has not brought forth compelling facts in support of the breach of contract claim, the record is sufficient to overcome defendant's summary judgment motion on the present record. The court will not grant summary judgment upon assertions that the contract is preposterous or that the terms are unclear.

■ Nor do we believe an at-will employment relationship bars plaintiff from bringing an action for breach of contract. If plaintiff performed work on the promise of $100.00 per week salary plus commissions and, at the time payment was due, defendant failed to pay plaintiff his salary, then we believe plaintiff has a contractual right to payment. Defendant's right to terminate plaintiff's employment without cause is a separate matter which should not preclude plaintiff from enforcing his rights regarding the executed portion of the contract. See generally, *Wagner v. Sperry Univac*, 458 F.Supp. 505, 520–21 (E.D.Pa.1978) *aff'd*, 624 F.2d 1092 (3d Cir.1980). How long plaintiff could rely upon the alleged promise, absent performance by defendant, and defendant's power to unilaterally change terms of payment in advance of plaintiff's work, are separate issues which the court shall not attempt to decide without a more complete factual presentation.

■ Greater factual clarity is also required before the court can evaluate defendant's statute of limitations argument. K.S.A. 60–512(1) assigns a three-year limitations period to all actions based on unwritten contracts. " 'Where a person is hired by the week, month, or year, his right to compensation accrues at the end of each week, month, or year, and the statute then begins to run, and he can recover only what has accrued within the statutory period before the commencement of his action.' " *Head v. Knopp*, 225 Kan. 45, 587 P.2d 867, 869 (1978) (quoting, 54 C.J.S., *Limitations of Actions* § 133, pp. 49–50). Without a better understanding of when plaintiff was paid and how he was paid, the court cannot apply the statute of limitations to this case.

### 2. Section 1981

Plaintiff's § 1981 claim is that defendant intentionally discriminated against him because of his race by refusing to promote him to the position of telemarketing director or telemarketing evening supervisor. After plaintiff was hired as a telemarketer in September 1989, defendant hired Kenneth Proctor in November 1989 as telemarketing di-

rector. Defendant hired Michael Jaros to replace Proctor in March 1990. Richard Forque was hired in late November 1989 as an evening supervisor. Christopher Hay was hired as Forque's replacement in April 1990. Hence, there are four job openings to consider as the court reviews plaintiff's § 1981 claim. The only opening for which plaintiff alleges he made a formal application was the evening supervisor's position filled by Christopher Hay in April 1990.

The Tenth Circuit has set forth the following standards for analyzing failure to promote claims:

> The Supreme Court has developed a four-part test to determine whether the plaintiff has established a prima facie case of discriminatory failure to promote under Title VII. The plaintiff must show:
>
> (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253 n. 6, 101 S.Ct. 1089, 1093 n. 6, 67 L.Ed.2d 207 (1981). After the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the decision which adversely affected the employee. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. Once the defendant meets its burden of production by offering a legitimate rationale in support of its decision, the burden shifts back again to the plaintiff to show that defendant's proffered reasons were a pretext for discrimination. *Id.* at 804–05, 93 S.Ct. at 1825. Ultimately, the burden of persuasion rests with the plaintiff. *Burdine* 450 U.S. at 253, 101 S.Ct. at 1093.

. . . .

In order to survive a motion for summary judgment, it is insufficient for [plaintiff] merely to establish a prima facie case. *MacDonald v. Eastern Wyoming Mental Health Center,* 941 F.2d 1115, 1121 (10th Cir.1991). Once "the presumption raised by the prima facie case is rebutted, . . . the factual inquiry proceeds to a new level of specificity." *Burdine,* 450 U.S. at 255, 101 S.Ct. at 1094. The plaintiff may show discrimination "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 256, 101 S.Ct. at 1095. "The court 'must still make a judgment as to whether the evidence, interpreted favorably to the plaintiff, could persuade a reasonable jury that the employer had discriminated against the plaintiff.'" *MacDonald,* 941 F.2d at 1121–22 (quoting *Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1570 (7th Cir.1989)). If no facts relating to the pretextuality of the defendant's action remain in dispute, summary judgment is appropriate.

*Hooks v. Diamond Crystal Specialty Foods, Inc.,* 997 F.2d 793, 796–98 (10th Cir.1993).

Defendant makes two arguments for summary judgment. First, defendant argues that plaintiff did not apply for three of the four promotions which occurred in the telemarketing department while plaintiff was employed by defendant. Plaintiff has replied that when he was hired, he made defendant aware of his desire for a higher position and that defendant's agents indicated plaintiff would be considered for such jobs. There is case law which holds that where there is a formal system of posting job openings, the failure to apply for a job prevents a plaintiff from establishing a prima facie case. See *Box v. A & P Tea Co.,* 772 F.2d 1372, 1376 (7th Cir.1985), *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986); see also, *Wanger v. G.A. Gray Co.,* 872 F.2d 142, 146 (6th Cir.1989); *Joyce v. Puritan–Bennett Corp.,* 57 F.E.P.Cas. (BNA) 1217, 1991 WL 278542 (D.Kan. 12/19/91). At this point, the record is not clear that defendant had a formal system of posting job openings. There are conflicting affidavits as to whether the job openings in question were posted. In

addition, it is alleged that Christopher Hay was promoted to evening supervisor without making a formal application for the position. When this evidence is combined with plaintiff's evidence of his efforts to inform his superiors of his interest in job advancement, the court does not believe summary judgment can be granted solely because plaintiff made no formal application. Cf., *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188, 1198 (7th Cir.1992) (phone call indicating interest in a position provided sufficient evidence of application for job to avoid summary judgment); *Torre v. Federated Mutual Ins. Co.*, 854 F.Supp. 790, 803–04 (D.Kan.1994) (general interest in promotion is too vague to constitute an application, but expression of interest in a particular job without making a formal application is sufficient given defendant's "amorphous" job advancement system).

■ Under these circumstances, the court believes plaintiff has established a prima facie case of discrimination with regard to the position of telemarketing evening supervisor. The court does not believe plaintiff has demonstrated the qualifications to be the director of telemarketing for defendant since plaintiff's only telemarketing experience was his brief employment in defendant's telemarketing department. Therefore, plaintiff has failed to demonstrate a prima facie case of discrimination as to the hiring of a telemarketing director.

Defendant has articulated a legitimate, nondiscriminatory reason for not promoting plaintiff. Defendant asserts that plaintiff was not qualified for the positions or not as qualified as the persons who were given the jobs. Plaintiff has replied that this contention is a pretext for discrimination.

After a review of the record, the court believes no reasonable jury would conclude that plaintiff was as qualified as Kenneth Proctor, Richard Forque, and Michael Jaros for the positions for which they were hired. These gentlemen had markedly greater experience in telemarketing and in the supervision of a sales staff. Contrary to plaintiff's assertion, this is not a "subjective consideration" which cannot dispel an inference of discrimination. Telemarketing experience or experience supervising a sales staff can be determined objectively.

■ Plaintiff also contends that a reasonable jury might consider defendant's explanation for not promoting defendant to be pretextual because minorities have never held a supervisory position in defendant's telemarketing division. This argument does not suggest pretext because there is no indication of whether minorities ever applied for a supervisory position in defendant's telemarketing division and whether they were rejected in favor of equally or less-qualified persons of a different race. Cf., *Torre v. Federated Mutual Ins. Co.*, *supra*, 854 F.Supp. at 806 (general statistical evidence rejected as proof of pretext). Plaintiff also refers to evidence of his sales performance and evidence of Michael Jaros' hostility towards him to substantiate plaintiff's claims of pretext. But, this evidence is not relevant to the job openings filled by Kenneth Proctor, Richard Forque, or Michael Jaros.

In conclusion, the court believes summary judgment is warranted against plaintiff's claims that defendant practiced race discrimination when it hired Kenneth Proctor, Richard Forque, and Michael Jaros instead of promoting plaintiff to positions in the company. In the court's judgment, no reasonable jury would believe defendant's reasons for not promoting plaintiff were a pretext for discrimination.

On the other hand, the court believes summary judgment cannot be granted with regard to the telemarketing evening supervisor position filled by Christopher Hay. Hay's qualifications do not appear markedly superior to plaintiff's. Furthermore, plaintiff's arguments regarding his sales performance and Jaros' alleged hostility may have relevance to plaintiff's claim of discrimination in denying him a promotion to that position.

3. *Age discrimination*

Plaintiff's age discrimination claim is that defendant intentionally discriminated against him because of his age by refusing to promote plaintiff to the position of evening supervisor in April of 1990.

Defendant raises two arguments against plaintiff's age discrimination claim. First, defendant argues that plaintiff's age discrimination claim should be dismissed because plaintiff has not alleged in his complaint or in the pretrial order that he filed a timely administrative charge and received a right-to-sue letter regarding his age discrimination claim. We reject this argument. Plaintiff has responded by providing copies of an administrative charge and a right-to-sue letter. We believe this provides equitable grounds to permit plaintiff to proceed with his age discrimination claim, even if these matters were not previously pleaded. The sole case cited by defendant, *Perkins v. Silverstein*, 939 F.2d 463 (7th Cir.1991), is not adverse to our holding. This case recognizes that equitable reasons may provide a basis for curing similar alleged pleading deficiencies. In *Perkins*, however, the court determined that the Title VII allegations were deficient in other respects, so the court did not afford plaintiff the opportunity to amend the complaint to alleged compliance with statutory administrative requirements. Here, plaintiff's allegations under the ADEA are sufficient. So, we shall treat plaintiff's response to the summary judgment motion as an amendment to the pretrial order to assert compliance with the procedural requirements of the ADEA statute.

Defendant's second argument for summary judgment against plaintiff's age discrimination claim asserts there is no triable issue that plaintiff was a victim of age bias. We disagree for reasons similar to those previously discussed with regard to plaintiff's claim of race discrimination in the promotion of Christopher Hay to the evening supervisor's position. Plaintiff has demonstrated a prima facie case of age discrimination. In response to defendant's allegations of a legitimate nondiscriminatory reason for not promoting plaintiff, plaintiff has produced sufficient evidence to make summary judgment against plaintiff's age discrimination claim unwarranted.

*Conclusion*

In conclusion, the court shall grant summary judgment against plaintiff's claim of race discrimination in the decisions which did not promote plaintiff, but instead placed Kenneth Proctor, Richard Forque, and Michael Jaros in jobs as telemarketing director or telemarketing evening supervisor. Otherwise, defendant's motion for summary judgment is denied.

**IT IS SO ORDERED.**