(163 P.3d 1244)
No. 97,214

MIDWEST CRANE AND RIGGING, INC., *Appellant*, v. KANSAS CORPORATION COMMISSION, *Appellee*.

Opinion filed August 3, 2007.

*Kurt S. Brack* and *Michael T. Jilka*, of Holbrook & Osborn, P.A., of Overland Park, for appellant.

*Laurie Pickle*, assistant general counsel, and *Scott Ray Ediger*, advisory counsel, of Kansas Corporation Commission of Topeka, for appellee.

Before GREEN, P.J., ELLIOTT and HILL, JJ.

GREEN, J.: Midwest Crane and Rigging, Inc. (Midwest Crane) appeals from the trial court's judgment dismissing its declaratory judgment action. Before Midwest Crane filed its judgment action, the Kansas Corporation Commission (the Commission) issued an order to show cause under the Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 *et seq.*, as to why Midwest Crane should not be sanctioned for refusing to allow an inspection of its cranes. In the declaratory judgment action, Midwest Crane sought injunctive relief against the Commission and a declaration that it was not subject to oversight by the Commission. The trial court dismissed Midwest Crane's declaratory judgment action based on lack of subject matter jurisdiction after finding that Midwest Crane had failed to exhaust its administrative remedies. We affirm.

The Commission received a complaint from law enforcement that Midwest Crane might be conducting operations that would bring it under the definition of a motor carrier and thus subject to the Commission's safety regulations. After receipt of the complaint, the Commission issued a request on December 8, 2005, to Midwest Crane to inspect its records and to conduct a compliance review. On January 30, 2006, a special investigator for the Commission attempted to conduct an inspection of Midwest Crane's premises to determine whether any potential violations of the Commission's motor carrier safety rules and regulations existed, but Midwest Crane refused access to its premises. On February 17, 2006, the Commission issued an order to show cause to Midwest Crane. The Commission determined that a hearing on the matter was appropriate and allowed Midwest Crane the opportunity to show cause why any action against it would be unwarranted.

Simultaneous with the matter pending before the Commission, on March 23, 2006, Midwest Crane filed a verified petition for declaratory judgment and injunctive relief with the District Court of Johnson County in Case No. 06-C-2280. In the petition, Midwest Crane sought a determination that the Commission lacked authority to regulate it because it was not a motor carrier under Kansas law. Moreover, Midwest Crane sought an injunction restraining the Commission from attempting to regulate Midwest Crane.

The Commission moved to dismiss the declaratory judgment action for lack of subject matter jurisdiction. The trial court granted the Commission's motion to dismiss after finding that it lacked subject matter jurisdiction to consider the issues raised in Midwest Crane's declaratory judgment action. Specifically, the trial court determined that subject matter jurisdiction was lacking because Midwest Crane had failed to exhaust its administrative remedies in the matter pending before the Commission.

During the pendency of the declaratory judgment action, the Commission determined in the administrative action that Midwest Crane was a motor carrier and was subject to the jurisdiction of the Commission. On August 16, 2006, Midwest Crane appealed the Commission's decision to the district court of Shawnee County

in Case No. 06-C-1213. This appeal concerned whether Midwest Crane was subject to the jurisdiction of the Commission.

On August 11, 2006, Midwest Crane timely appealed the District Court's Johnson County decision.

*Did the Trial Court Err in Dismissing Midwest Crane's Declaratory Judgment Action for Failure to Exhaust Administrative Remedies?*

On appeal, Midwest Crane argues that the trial court erred in finding that it lacked subject matter jurisdiction to consider the issues raised in its declaratory judgment action. Specifically, Midwest Crane contends that it was not required to exhaust its administrative remedies before proceeding with its Chapter 60 declaratory judgment action. Whether a party is required to or has failed to exhaust its administrative remedies is a question of law over which an appellate court's review is unlimited. *Miller v. Kansas Dept. of S.R.S.*, 275 Kan. 349, 353, 64 P.3d 395 (2003).

The Commission initiated its proceeding against Midwest Crane under KAPA. K.S.A. 66-1,129a(a) allows the Commission to initiate proceedings regarding motor carrier economic or safety rules and regulations under KAPA. The Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, is the exclusive remedy for review of agency actions unless the agency is specifically exempted by statute. K.S.A. 77-603(a); K.S.A. 77-606. The Commission has not been specifically exempted. The KJRA has consistently been recognized as the exclusive means of review of an agency action. See, *e.g., Schall v. Wichita State University*, 269 Kan. 456, 482, 7 P.3d 1144 (2000); *Fowles v. State*, 254 Kan. 557, 565, 867 P.2d 357 (1994) (affirming the trial court's grant of summary judgment and stating that the KJRA was the exclusive means to review the Kansas Lottery's refusal to pay a claim on a lost winning ticket); *Farmers Banshares of Abilene, Inc. v. Graves*, 250 Kan. 520, 522-23, 826 P.2d 1363 (1992) (affirming the trial court's dismissal of a Chapter 60 action seeking mandamus and injunctive relief against the Secretary of State on the basis that the plaintiff's exclusive remedy was through the KJRA); *Kansas Sunset Assocs. v. Kansas Dept. of Health & Envi-*

*ronment*, 16 Kan. App. 2d 1, 3, 818 P.2d 797 (1991) (affirming a trial court's dismissal of a Chapter 60 declaratory judgment action against the Kansas Department of Health and Environment as barred by the plaintiff's failure to comply with the procedural requirements of the KJRA).

Midwest Crane relies on *Spor v. Presta Oil Co.*, 14 Kan. App. 2d 696, 798 P.2d 68 (1990), to support its argument that it did not need to exhaust its administrative remedies before pursuing a determination regarding its status as a motor carrier in its declaratory judgment action. In *Spor,* the court held that a claim for back wages may be brought in court without first exhausting administrative remedies with the Secretary of Human Resources. 14 Kan. App. 2d at 697-98. Nevertheless, *Spor* is distinguishable from the present case in two important respects. First, the claimants in *Spor* brought their claim for back wages with the trial court before any matter was brought at the administrative level. Midwest Crane, however, brought its declaratory judgment action after the Commission had initiated administrative procedures but before any ruling had been made by the Commission regarding Midwest Crane's status as a motor carrier. *Spor* is additionally distinguishable from the present case because the *Spor* court held that the court and the Secretary of Human Resources had concurrent jurisdiction to hear back wage claims under K.S.A. 44-324(a) and that the claimants had a choice of forum. 14 Kan. App. 2d at 697. On the other hand, no concurrent jurisdiction exists in this case to avoid the KJRA exhaustion provision before going to court.

In addition, Midwest Crane relies on *Zion Lutheran Church v. Kansas Comm'n on Civil Rights*, 16 Kan. App. 2d 237, 240, 821 P.2d 334 (1991), *aff'd* 251 Kan. 206, 830 P.2d 536 (1992). The *Zion* court held that a party may institute an action in the trial court to contest the exercise of jurisdiction over it by an administrative agency without first having exhausted all administrative remedies available. The court stated that exhaustion in an agency action was not required if the agency's exercise of authority was in excess of its jurisdiction or if the agency acted in a manner that was contrary to its statutory grant of authority. 16 Kan. App. 2d at 239. In so holding, the *Zion* court stated that " '[i]t is a well-recognized ex-

ception to the rule [of exhaustion of administrative remedies] that judicial review of interlocutory rulings of an administrative agency is proper if the agency has exercised authority in excess of its jurisdiction or acted in some manner that is contrary to its statutory grant of authority.' [Citations omitted.]" 16 Kan. App. 2d at 239.

Midwest Crane relies on *Zion* to support its contention that the Commission exceeded its jurisdiction in determining that it was a motor carrier. As a result, it was entitled to bring a declaratory judgment action in the trial court to challenge the Commission's abuse of authority. *Zion*, however, is distinguishable from the present case because in *Zion* the Chapter 60 petition was filed in the trial court after the administrative agency had made an interlocutory ruling. Here, however, there were no rulings made by the Commission regarding Midwest Crane's status as a motor carrier before the filing of the declaratory judgment action. As a result, the exception to exhaustion of administrative remedies, as set out in *Zion*, is inapplicable in the present case.

When the declaratory judgment action was filed, the Commission had simply issued an order to show cause to Midwest Crane. The order required Midwest to come forward and show why it was not subject to the Commission's oversight. Midwest Crane construes the Commission's order as "address[ing] whether [it] should be sanctioned for refusing to allow an inspection of its cranes." Nevertheless, the order instead required Midwest Crane to appear and explain why it was not subject to the Commission's oversight.

Without first exhausting administrative remedies that could have granted relief on some ground before going to court, Midwest Crane filed a petition for declaratory judgment in the trial court. Midwest Crane's action of filing the petition for declaratory judgment violated the exhaustion doctrine. The Commission is charged with the statutory duty to regulate motor carriers. K.S.A. 66-1,108 *et seq.* K.S.A. 66-1,108(e) defines a " 'motor carrier' " as

"any person operating as a for hire motor carrier or a private motor carrier, and any of their agents, officers, representatives, as well as employees responsible for hiring, supervising, training, assigning or dispatching of drivers and employees concerned with the installation, inspection and maintenance of motor vehicle equipment or accessories or both."

Moreover, K.S.A. 66-1,108(f) defines a " 'motor vehicle' " as "any automobile, truck, trailer, semitrailer, tractor, motor bus or any other self-propelled or motor-driven vehicle used upon any of the public highways of the state for the purpose of transporting persons or property." K.S.A. 66-1,108 also sets out definitions of various types of motor carriers, which we need not mention to resolve this appeal.

Whether Midwest Crane is a motor carrier and under the jurisdiction of the Commission requires the interpretation of statutes and the consideration of evidence. Under these circumstances, exhaustion of administrative remedies is required. See *Dean v. State,* 250 Kan. 417, 422, 826 P.2d 1372, *cert. denied* 504 U.S. 973 (1992) (The interpretation of a statute by an agency was a necessary administrative act in implementing the statute, even though a court could later construe the statute at variance with the agency's interpretation.); *Farmers Banshares of Abilene, Inc.,* 250 Kan. 520, Syl. ¶ 1 ("Interpretation of statute is a necessary and inherent function of an agency in its administration or application of that statute."). Consequently, because the issue of whether Midwest Crane was a motor carrier required the interpretation of statutes administered by the Commission, exhaustion was required. See Leben, *Challenging and Defending Agency Actions in Kansas,* 64 J.K.B.A. 22, 38 (June/July 1995).

Moreover, in its declaratory judgment action, Midwest Crane sought declaratory relief and an injunction against the Commission. Nevertheless, declaratory and injunctive relief were available through the KJRA when properly invoked. See K.S.A. 77-622(b). Because the forms of relief sought by Midwest Crane were provided for in the KJRA, Midwest Crane's exclusive remedy was through the KJRA. See *Zarda v. State,* 250 Kan. 364, 826 P.2d 1365, *cert. denied* 504 U.S. 973 (1992). (In concluding that BOTA had the authority to resolve administrative issues, although BOTA had no power to resolve constitutional issues, the court upheld the trial court's dismissal for failure to exhaust administrative remedies.). The Commission should not be subjected to litigation in the courts until all administrative remedies have been exhausted. See *Farmers Banshares of Abilene, Inc.,* 250 Kan. at 522-23. Therefore,

we determine that the trial court properly dismissed Midwest Crane's declaratory judgment action for failure to exhaust administrative remedies before resorting to the courts.

Affirmed.