(276 P.3d 226)
No. 106,115

CONSUMER LAW ASSOCIATES, LLC; PERSELS & ASSOCIATES, LLC; DAVID E. HERRON, II; STANLEY GOODWIN; and LAURA SIMPSON-REDMOND, *Appellants*, v. THE HONORABLE JUDI STORK, ACTING COMMISSIONER OF THE OFFICE OF KANSAS STATE BANK COMMISSIONER, *Appellee*.

Opinion filed March 23, 2012.

*Jeffrey A. Befort*, of Stinson Morrison Hecker LLP, of Kansas City, Missouri, and *Charles W. Hatfield*, of the same firm, of Jefferson City, Missouri, for appellants.

*Derenda J. Mitchell*, assistant attorney general, for appellee.

Before GREENE, C.J., PIERRON and MARQUARDT, JJ.

MARQUARDT, J.: Consumer Law Associates, LLC; Persels & Associates, LLC; David E. Herron, II; Stanley Goodwin; and Laura Simpson-Redmond (Petitioners) appeal the district court's dismissal of their declaratory judgment action and writ of mandamus petition for failing to exhaust administrative remedies. We affirm the dismissal.

In July 2009, the Office of the Kansas State Bank Commissioner (OSBC) contacted Consumer Law Associates, LLC (CLA), and Persels & Associates, LLC (Persels), national law firms which are located in Maryland, because OSBC had received several complaints from their Kansas customers. Following an investigation, the OSBC believed that CLA and Persels were possibly engaged in unregistered credit and debt management services that violated

the Kansas Credit Services Organization Act (KCSOA), K.S.A. 50-1116 *et seq.*, and notified CLA and Persels of the possible violations.

Before the OSBC had an opportunity to hold a hearing on the possible violations or to send a cease and desist order under K.S.A. 50-1129, CLA, Persels, and three of their field attorneys in Kansas, David E. Herron, II, Stanley Goodwin, and Laura Simpson-Redmond (Petitioners), filed a verified petition for a declaratory judgment action (petition) with the Shawnee County District Court. The Petitioners alleged they were exempt from the OSBC's regulation, which states: "Any person licensed to practice law in this state acting within the course and scope of such person's practice as an attorney shall be exempt from the provisions of this act." K.S.A. 50-1116(b). The field attorneys work for CLA and Persels, and the clients they serve are CLA's and Persel's clients.

The Petitioners claimed that they were not required to exhaust administrative remedies because (1) the OSBC did not have the authority to regulate attorneys, (2) the only issues were questions of law, (3) the Kansas Supreme Court alone regulates attorneys and law firms, and (4) any administrative remedy was inadequate or would result in irreparable harm. Finally, the Petitioners argued the district court should bar the OSBC from bringing an administrative action against them because it lacked subject matter jurisdiction.

The same day the Petitioners filed their petition, they also filed a motion for a writ of mandamus and temporary injunction (motion) to bar the OSBC from initiating administrative proceedings and from issuing a cease and desist order. The Petitioners alleged they would suffer irreparable harm if the OSBC prevented them from rendering legal services or advice to their more than 1,000 Kansas clients.

The district court held a status conference on September 16, 2010, but apparently refused to issue a writ of mandamus or a temporary restraining order. Instead, the district court instructed the OSBC to file its response to Petitioners' declaratory judgment action. Later that day, the OSBC issued a summary order to cease and desist and pay a fine under the Kansas Administrative Proce-

dure Act (KAPA), K.S.A. 77-501 *et seq.*, and K.S.A. 50-1129. The order required CLA, Persels, and their owners, officers, partners, and directors to immediately cease and desist from engaging in any "credit services organization business, as defined by K.S.A. 50-1117(c), in the State of Kansas and with Kansas residents." The order directed CLA and Persels to pay a fine of $8,400,000 based on 1,671 violations of K.S.A. 50-1118(a), and at least one violation of K.S.A. 50-1121(a), (b), (d), (f), and (p). The order stated that CLA and Persels could request a hearing under K.S.A. 77-542 to challenge the order. It is undisputed that this order was directed at CLA, Persels, and their owners, partners, officers, and directors, along with Neil J. Ruther and Lisa L. Perillo; furthermore, it did not name or restrict Herron, Goodwin, or Simpson-Redmond.

On September 24, 2010, the OSBC filed a response to Petitioners' declaratory judgment petition and indicated its intention to file a motion to dismiss. In its response, the OSBC argued that administrative procedures were available to CLA and Persels and the administrative procedures were adequate to resolve the issues CLA and Persels raised in their petition.

The OSBC filed a motion to dismiss on October 14, 2010, claiming that Petitioners lacked an actual case or controversy because they filed their petition for declaratory judgment before the OSBC filed its cease and desist order. Further, the OSBC alleged the district court lacked subject matter jurisdiction over the declaratory judgment petition because the Petitioners failed to exhaust administrative remedies or establish that an administrative remedy would be inadequate.

On April 22, 2011, the district court filed a memorandum decision and order concluding that the exemption in K.S.A. 50-1116(b) only applies to "those who are 'licensed to practice law' in the State of Kansas and who are 'acting within the course and scope' of their practice." After analyzing several Kansas Supreme Court Rules, the district court determined that a limited liability company cannot possibly be " 'licensed to practice law' " in Kansas because

"a limited liability company cannot obtain an undergraduate or law school degree, cannot pass a written bar examination and cannot meet the other requirements

mandated by the Kansas Supreme Court to obtain a license to practice law in this state. Accordingly, the Court concludes that the right to practice law may only be granted to natural persons and cannot be granted to artificial legal entities such as a corporation or a limited liability company."

In reaching its conclusion, the district court followed the rationale of the case of *Lexington Law Firm v. S.C. Dept. of Cons. Aff.*, 382 S.C. 580, 677 S.E.2d 591 (2009). In *Lexington,* the South Carolina Department of Consumer Affairs (Department) learned that a Utah-based law firm, Lexington Law Firm (Lexington), was providing credit counseling services to South Carolina citizens. The Department advised Lexington that the South Carolina Consumer Credit Counseling Act (Act) required credit counseling organizations to obtain a license. Lexington agreed but argued that the attorney exemption within the Act exempted it from the Department's regulation.

Lexington filed a declaratory judgment action before the Department could initiate administrative proceedings and sought a decision that the Act's attorney exemption applied to Lexington. The *Lexington* court determined the Department was in the best position to implement its statutory charge of issuing licenses and the initial determination of whether a business qualifies for a statutory exemption. 382 S.C. at 586.

Utilizing the reasoning in *Lexington*, the district court here determined that CLA and Persels could not, as a matter of law, be licensed to practice law in Kansas and, therefore, they were not entitled to the exemption under K.S.A. 50-1116(b). Finally, the district court concluded that the Kansas Legislature specifically charged the OSBC, through the KCSOA, with the authority to regulate credit service· organizations in Kansas, including the authority to make an initial determination, subject to judicial review, whether a person violated the KCSOA or whether a person was entitled to an exemption. Because the OSBC had the authority to make that initial determination, the district court held that CLA and Persels failed to exhaust their administrative remedies and dismissed the declaratory judgment petition. The Petitioners filed a timely appeal.

The Petitioners filed a motion to stay administrative proceedings. The motion was granted on October 13, 2011, by the Office of Administrative Hearings.

On appeal, the threshold issue is whether the district court erred in finding that the Petitioners were required to exhaust administrative remedies before proceeding with their Chapter 60 declaratory judgment action. Whether a party is required to, or has failed to, exhaust its administrative remedies is a question of law over which an appellate court's review is unlimited. *Miller v. Kansas Dept. of S.R.S.*, 275 Kan. 349, 353, 64 P.3d 395 (2003).

The Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq.*, is the exclusive remedy for review of agency actions unless the KJRA specifically exempts the agency from its purview. See K.S.A. 2011 Supp. 77-603(a); K.S.A. 77-606. The KJRA does not exempt the OSBC. K.S.A. 2011 Supp. 77-603(c). Further, the KJRA has consistently been recognized as the *exclusive* means of review of an agency action. See, *e.g.*, *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 755, 199 P.3d 781 (2009).

The Kansas Legislature charged the OSBC with the statutory duty to regulate any "credit service organization" or "debt management service" doing business in Kansas and to determine whether any person has violated or is about to violate the KCSOA. K.S.A. 50-1117(a), (c), (d); K.S.A. 50-1128(b)(3). The OSBC's authority also includes the power to conduct hearings, to issue cease and desist orders, and to impose fines up to $10,000 per violation of the KCSOA. K.S.A. 50-1129(a). However, the KCSOA does not apply to "[a]ny person licensed to practice law in this state acting within the course and scope of such person's practice as an attorney." K.S.A. 50-1116(b).

Whether a person has violated, or is about to violate, the KCSOA necessarily requires the interpretation of statutes and the consideration of evidence. See *Dean v. State*, 250 Kan. 417, 422, 826 P.2d 1372, *cert. denied* 504 U.S. 973 (1992) (an agency's interpretation of a statute was a necessary administrative act in implementing the statute, even though a court could later construe the statute differently); *Farmers Banshares of Abilene, Inc. v. Graves*, 250 Kan. 520, Syl. ¶ 1, 826 P.2d 1363 (1992) ("Interpretation of a statute is

a necessary and inherent function of an agency in its administration or application of that statute."). Additionally, whether a "person," as defined by K.S.A. 50-1117(f), is exempt from the KCSOA also requires the interpretation of statute.

Here, the OSBC placed CLA and Persels on notice that they *might* be violating the KCSOA. Without first exhausting administrative remedies that could have granted relief on some ground before going to court, the Petitioners filed a petition for declaratory judgment in the district court. In the petition, the Petitioners did not attack the exemption itself; instead, they claimed the OSBC's interpretation of the exemption statute violated the separation of powers doctrine and infringed on the Kansas Supreme Court's exclusive authority to regulate the practice of law in Kansas.

We agree with the district court that individuals who are licensed to practice law in Kansas are exempt from regulation by the OSBC. The OSBC exemption does not apply to a limited liability company or any other entity that is not licensed to practice law by the Kansas Supreme Court. See K.S.A. 50-1116(b).

The Petitioners' ultimate goal is to obtain an exemption from the OSBC's oversight. This is a challenge to the OSBC's interpretation and application of the exemption statute administered by the OSBC, not a challenge to the constitutionality of the statute itself. Thus, before the Petitioners can bring a declaratory judgment action, they must first follow the procedural rules set forth in the KAPA and the KJRA to exhaust their available administrative remedies. See *Zarda v. State*, 250 Kan. 364, 371-72, 826 P.2d 1365, *cert. denied* 504 U.S. 973 (1992) (although the Board of Tax Appeals had no power to resolve constitutional issues, the court upheld the district court's dismissal for failure to exhaust administrative remedies).

Moreover, the Petitioners' administrative remedies in this case are not inadequate. See K.S.A. 2011 Supp. 77-612(d). In their declaratory judgment action, the Petitioners sought a declaration that the OSBC lacked "statutory authority over the legal practices of the [Petitioners] based on the attorney exemptions stated in K.S.A. [] 50-1116(b)" and an injunction against the OSBC. Nevertheless, the requested relief was available through the KJRA when properly

invoked through judicial review. See K.S.A. 77-622(b). Because the relief sought by the Petitioners was available in the KJRA, the Petitioners' exclusive remedy was through the KJRA. *Zarda*, 250 Kan. at 371; see *Midwest Crane & Rigging, Inc. v. Kansas Corporation Comm'n*, 38 Kan. App. 2d 269, 271-72, 274-75, 163 P.3d 1244 (2007).

Petitioners are required to exhaust their administrative remedies before proceeding with a Chapter 60 declaratory judgment action. The district court did not err in finding that the Petitioners failed to exhaust their administrative remedies.

Affirmed.