NOT DESIGNATED FOR PUBLICATION

No. 123,047

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN APPELHANZ,
*Appellant*,

v.

CITY OF TOPEKA,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARY E. CHRISTOPHER, judge. Opinion filed August 13, 2021. Affirmed.

*Bryan J. Brown*, of Topeka, for appellant.

*Nicholas H. Jefferson*, assistant city attorney, of Topeka, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and ISHERWOOD, JJ.

PER CURIAM: The City of Topeka issued a notice to Brian Appelhanz that his property did not comply with the City's sanitation code. The City later entered onto Appelhanz' property, removed and disposed of certain items, and billed Appelhanz for the cost of abatement. Appelhanz later sought an administrative hearing. The administrative hearing officer found the City's actions were generally proper but reduced the bill by $50. Appelhanz then petitioned for review in the district court. Appelhanz raised several issues before the district court, including alleged violations of his constitutional rights to due process and equal protection of the law. The district court found Appelhanz had no right to relief.

1

On appeal, Appelhanz argues the district court erred by applying an incorrect statutory framework in reviewing his claims. He also asserts the district court erroneously concluded that his due process challenges were moot. He further contends that the district court erred in denying relief on his equal protection claim without allowing for more briefing. Finally, Appelhanz claims the City ordinance setting forth the procedure for appealing an administrative order is invalid and the court should strike it. As we will explain more fully below, the decisions of the district court are affirmed.

FACTUAL AND PROCEDURAL HISTORY

On April 24, 2019, the City of Topeka (City) issued a notice to Brian Appelhanz to inform him that his property did not comply with the City's sanitation code. On May 21, 2019, the City entered onto Appelhanz' property, removed and disposed of some tires and other items, and billed Appelhanz for the cost of abatement. After receiving the bill, Appelhanz sought an administrative hearing. The administrative hearing officer (AHO) found the City's actions were generally proper but reduced the bill by $50 because the City charged Appelhanz for truck fees in excess of the time that the City actually used the work trucks. Appelhanz then petitioned for review in the district court, raising several issues, including alleged violations of his constitutional rights to due process and equal protection of the law. The district court first set a briefing schedule, but ultimately resolved the issues without further briefing, finding that briefing and oral argument would not materially aid the court.

The district court found Appelhanz had no right to relief. It held that while his due process arguments might otherwise carry some measure of merit, they were still moot because they all related to whether he received adequate notice of his right to appeal and Appelhanz was, in fact, able to pursue an appeal. The district court also concluded that his equal protection claim had no merit. Appelhanz moved to reconsider, seeking to have

2

the district court's original briefing order reinstated. The motion was denied and Appelhanz timely appealed.

ANALYSIS

*Our Standards of Review Are Mixed*

Appelhanz' framing of the issues and briefing on appeal presents several legal questions which we find are largely intertwined, often not fully explained, and generally premised on the same factual and procedural issues. His arguments raise mixed questions concerning constitutional law, mootness, and to varying degrees, statutory interpretation. His manner of presentation does not allow us to cleanly compartmentalize issues he raises. Appelhanz appealed under K.S.A. 60-2101(d), which addresses challenges to the judicial or quasi-judicial actions exercised by an agency. A reviewing court may only grant relief in such an appeal if: (1) The administrative hearing officer acted outside the scope of his or her authority; (2) the order was not supported by substantial competent evidence; or (3) the order was fraudulent, arbitrary, or capricious. *Denning v. Johnson County Sheriff's Civil Service Bd.*, 299 Kan. 1070, 1075, 329 P.3d 440 (2014).

To the extent that Appelhanz raises issues of statutory interpretation, mootness, or constitutional rights, our review is de novo. See *Hodes & Nauser, MDs v. Schmidt*, 309 Kan. 610, 440 P.3d 461 (2019) (we review interpretation and application of constitutional provisions de novo); *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019) (statutory interpretation is a question of law subject to unlimited review); *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012) (mootness is a doctrine of court policy subject to unlimited review); *State v. Wilkinson*, 269 Kan. 603, 608-09, 9 P.3d 1 (2000) ("what process is due in a given case is a question of law.").

3

*We have Jurisdiction to Consider Appelhanz' Appeal*

Before delving into Appelhanz' issues, we must first address the jurisdictional challenges raised by the City. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017).

The City asserts there are two reasons that we lack jurisdiction over this appeal. We will address each in turn.

    *A.     Appelhanz did not fail to exhaust his administrative remedies.*

Whether a party is required to or has failed to exhaust its administrative remedies is a question of law which affords us unlimited review. *Consumer Law Associates v. Stork*, 47 Kan. App. 2d 208, 213, 276 P.3d 226 (2012). Although the City frames this as a failure of Appelhanz to exhaust administrative remedies, its underlying premise is that Appelhanz' request for an administrative hearing as it relates to the merits of the City's action, was untimely.

In support of its claim, the City asserts that the Topeka Municipal Code (T.M.C.) Property Maintenance Code, which it charged Appelhanz with violating, contains its own administrative hearing procedure at T.M.C. 8.60.111.1(a):

> "An owner shall have the right to appeal the notice of violation to an Administrative
> Hearing Officer provided that a written application is submitted to the Code Official on
> or before the date designated in the notice."

The notice of violation, the City issued to Appelhanz on April 24, 2019, made it clear that if he wanted to challenge the merits of the ordinance violation, he needed to request a hearing by May 7, 2019. Appelhanz did not do so. The City did not remove the

4

items from Appelhanz' property until May 21, 2019, and points out Appelhanz only requested a hearing after receiving a bill from the City on May 22, 2019, and then only challenged the amount of the bill. Topeka Municipal Code 8.60.111.1(a) only discusses "appeal[ing] the notice of violation," not the cost of abatement that was Appelhanz' primary complaint.

As a result, the City argues Appelhanz' appeal as to the merits of the City's action was untimely, and that because it was untimely, he could not raise issues related to the merits of the City's abatement by couching it as a constitutional claim in his K.S.A. 60-2101(d) appeal. In other words, he had no right to appeal the merits of the City's underlying action because he abandoned it when he failed to timely appeal the notice of violation under T.M.C. 8.60.111.1(a). Rather, he was limited to appealing the amount of the bill. We find the City's argument fails for 3 reasons.

First, the City has not persuaded us that the failure to meet an internal administrative filing requirement is a jurisdictional bar to constitutional claims, and the City cites no case to suggest it is. See *Colorado Interstate Gas Co. v. Beshears*, 18 Kan. App. 2d 814, Syl. ¶ 3, 860 P.2d 56 (1993) *rev. denied* 256 Kan. 994 (1994) ("The doctrine of exhaustion of administrative remedies will not deprive a district court of jurisdiction in all cases. In cases where constitutional questions are in issue, the availability of judicial review is presumed, and a statutory administrative scheme should not be read as foreclosing jurisdiction unless the intent to do so is manifested by clear and convincing evidence.") The City only cites one case—an unpublished opinion—to support its position, *Dahl v. City of Shawnee*, No. 92,144, 2006 WL 851232 (Kan. App. 2006) (unpublished opinion). But that case dealt only with a failure to properly perfect an appeal under K.S.A. 60-2101(d). There is no allegation that Appelhanz' appeal to the district court was untimely.

5

Second, Appelhanz did exhaust his administrative remedies. We pause to note that the City did not raise this concern before the administrative hearing judge or the district court and has instead decided to raise it for the first time on appeal. Although generally a party may raise subject matter jurisdiction at any time, here the City admitted to the existence of jurisdiction in its answer to Appelhanz' petition. See *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). In all fairness, under the jurisdiction section, Appelhanz' petition only alleged jurisdiction over the "Total Cost Bill." The City conceded in its answer that K.S.A. 60-2101(d) was the proper avenue for such an appeal.

But Appelhanz subsequently moved to dismiss the "Total Cost Bill" in which he alleged that the City should not have assessed the costs of abatement because:

1. The City did not give him notice that he could appeal the bill in violation of his due process rights.
2. The bill fails to give notice of what it is for—the specifics of his violation.
3. The City did not have the statutory right to charge for removal of tires.
4. Enforcement of the Sanitation Code was arbitrary and capricious.
5. The Sanitation Code itself was unconstitutionally vague and ambiguous.

During the hearing, after the AHO reiterated his claims, Appelhanz sought to clarify his concerns sua sponte:

"MR. APPELHANZ: And just to be succinct, I'm talking about the total cost of abatement, though, not the original notice that came out, which I think you may have said that, but I want to make sure we're on the same page.

"MS. ROHLF: Which part are you talking, just about the whole bill?

"MR. APPELHANZ: Yes. Yes, for the most part."

6

The representative for the City conceded that it had made an error and did not put the reason for the assessment of costs on the bill it sent Appelhanz, although the reason was on the original notice of violation. But the representative alleged the City had no statutory duty to advise Appelhanz of his right to appeal the bill. The AHO found that because the reasons for the assessment of costs was on the original notice, the notice of the bill he received was sufficient. She then told Appelhanz that she was limited to deciding whether the fees assessed were fair and *"if the underlying reasons for [the] abatement holds."* (Emphasis added.) Appelhanz agreed.

> "MR. APPELHANZ: Right. I know you can't rule on constitutional issues. Well, but, of course, it is the motion to dismiss to be sure to get it on the record. "

Yet then the AHO went on to rule on the constitutional issues.

> "HEARING OFFICER VOGELSBERG: I think that's appropriate. I mean, my—I—I—I'm not going to grant the dismissal of the case. 'Um, you were given notice of the issue from April 24, 2019, 'um, so I find that at least in that initial notice of the violation the City properly gave you the citation of 302.1. There's—no part of the code requires the City to give that to you again on the actual bill, 'um, but I note that at least my finding of fact is that on the actual bill the cost of abatement, it does not have the notification listed—excuse me, the actual violation listed as you—as you are correct, at least in your motion to dismiss. So, 'um, I don't find that, 'um, 302.1, things being listed as rubbish is arbitrary and capricious. And I don't find that 302.1, the sanitation—the City's requirement that you maintain your premises in a clean, safe, and sanitary condition is vague and ambiguous. I mean, that's for me to determine, you know, whether or not some of this stuff is household rubbish, the coolers, the construction waste, the tires, the [scrap] metal."

Next, the specifics of the abatement charge related to tire removal were explored in detail. Appelhanz seemed to focus his argument on his belief that the City illegally dumped the tires and because of that the City should not have charged him anything for their abatement. "It's unconscionable to abate something, take property, charge

7

somebody, and then go illegally dump it." The AHO reduced the costs by $50. At no time did the City object to the AHO ruling on the constitutionality of the ordinance.

Once Appelhanz petitioned for review, the City raised no concerns about a failure to exhaust administrative remedies or lack of jurisdiction. In fact, it conceded that it specifically allowed Appelhanz to raise all his issues before the AHO and the district court was correct to consider them. Thus, Appelhanz did exhaust his administrative remedies—all the claims he made before the district court were made before the AHO, who ruled on them.

Finally, as Appelhanz points out in his reply brief, the City promulgated publicly available guidance explaining how an individual can pursue an administrative appeal for a sanitation code violation by requesting an appeal by the date set forth in the notice *or within 10 days of receiving the bill*. In his filing, Appelhanz cites to Section 11 of the Property Maintenance Code Division's Standard Operating Procedure, which may be based on T.M.C. 2.45.020, but he fails to cite the T.M.C. section itself. Again, the record reflects that the City conducted the abatement on May 21, 2019, Appelhanz received a notice of charges on May 31, 2019, and he filed a formal request for a hearing on June 1, 2019. The Municipal Code afforded an avenue to appeal the costs assessed and Appelhanz followed each of those steps in a timely manner.

> B. *K.S.A. 60-2101(d) was the proper avenue for Appelhanz' appeal.*

Next, the City argues that K.S.A. 60-2101(d) does not afford Appelhanz an avenue of relief on administrative issues such as billing. It asserts that K.S.A. 60-2101(d) limits review to issues that arise out of a judicial or quasi-judicial function. Here, the City argues that the only matter reviewed in Appelhanz' case was the amount of the bill—a purely administrative claim that falls outside the scope of the statute. The City contends

8

this translates into a lack of jurisdiction in the district court that likewise deprives us of jurisdiction to review the claim on appeal. This claim is unpersuasive for two reasons.

First, once again, the City did not raise this issue before the district court either in its Answer or in its briefing. In fact, the City did just the opposite. In its answer, it conceded jurisdiction. "Respondent admits that K.S.A. 60-2101(d) does govern and provide the proper statutory framework for this action." In its "Response in Opposition to Petitioner's Motion to Re-establish Briefing Order," it argued that the district court *properly* considered all matters presented in conformity with K.S.A. 60-2101(d):

> "The request for the hearing was filed untimely. . . . Seemingly proving the maxim that 'no good deed goes unpunished' the City went ahead and granted the request for hearing, even though it was filed 37 days after the notice of violation. However, since the hearing came after the abatement, the AHO heard evidence regarding the disputed bill, as well as the evidence pertaining to the initial violation itself. She was thus able to incorporate all of that evidence into her analysis. As such, the Court had a complete record to review regarding the AHO's decision."

And the City was correct to concede jurisdiction. Appelhanz raised several separate legal issues before the administrative hearing officer which we could properly characterize as judicial or quasi-judicial. For example, Appelhanz challenged whether the City gave him appropriate notice and whether the City's actions were arbitrary and capricious, and contrary to the provisions of K.S.A. 65-3424(c) and (d), concerning the abatement of "waste tires." Appelhanz also argued the City's sanitation code was vague and ambiguous. Thus, the record signifies the City's argument is unsound.

The City cites *Barnes v. Board of County Commissioners of Cowley County*, 293 Kan. 11, 21, 259 P.3d 725 (2011), as support for its assertion, but *Barnes* does not advance the City's position. Barnes involved a tax assessment. The Supreme Court was interpreting the application of a different provision governing county action, K.S.A. 19-

9

223, not K.S.A. 60-2101(d). The Court found that Cowley County was acting in a quasi-judicial capacity when it weighed and investigated the facts and determined that a property in the county contained dangerous structures, an open basement unfit for human use or habitation, and miscellaneous debris creating a nuisance. *Barnes*, 293 Kan. at 13. When the property owner did not abate the nuisance as ordered, the county did and levied a tax assessment against the property equal to the costs. The Supreme Court noted that the county had two options in this situation. "The Board could either begin judicial proceedings to impose a lien on the real property or it could enter a special tax assessment. It chose to levy the special tax assessment at issue here." *Barnes*, 239 Kan. at 21. That choice was a purely administrative choice. Here, there was no tax assessment or any kind of property assessment at play.

Second, the City itself describes the appeal process as an adjudication.

"(a) Administrative hearings for the adjudication of the finding of a violation, other administrative action, or the imposition of a fee, charge or penalty of this chapter shall be conducted by a Hearing Officer appointed by the City Manager.

"(b) The person requesting the appeal may appear pro se or, at his or her own expense, by an attorney. An attorney who appears on behalf of any person shall file a written entry of appearance with the Hearing Officer.

"(c) The rules of evidence shall not apply in the conduct of the administrative hearing.

"(d) No violation, other administrative action or imposition of a fee, charge or penalty may be sustained by the Administrative Hearing Officer except upon proof by a preponderance of the evidence.

"(e) The City and the person requesting the appeal shall each be permitted one continuance and the Hearing Officer may, on showing of good cause, grant a continuance to a date certain." T.M.C. 2.45.030.

10

Although the only relief the hearing officer granted in Appelhanz' case was a reduction of the bill—an ostensibly administrative matter—the issues raised before and decided by the AHO—through the acquiescence of the City—presented additional questions requiring judicial or quasi-judicial adjudication.

For these reasons, Appelhanz properly appeals the decision under K.S.A. 60-2101(d), and there is no jurisdictional bar.

*Appelhanz Cannot Show Error In The Legal Framework The District Court Used To Review His Claims.*

Appelhanz first argues the district court erred by reviewing his claims under the framework set forth in the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., rather than the purported statutory basis for his appeal under K.S.A. 60-2101(d).

K.S.A. 60-2101(d) provides:

"A judgment rendered or final order made by a political or taxing subdivision, or any agency thereof, exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. If no other means for perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such subdivision or agency within 30 days of its entry, and then causing true copies of all pertinent proceedings before such subdivision or agency to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered. The clerk shall thereupon docket the same as an action in the district court, which court shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require. A docket fee shall be required by the clerk of the district court as in the filing of an original action."

But our Supreme Court has held the district court's scope of review is narrow.

11

"When an appeal is taken to the district court under K.S.A. 60-2101(d), the district court may not substitute its judgment for that of the political or taxing subdivision or agency, and the court's scope of review is limited to determining whether the challenged order was within the subdivision or agency's scope of authority; was substantially supported by the evidence; or was fraudulent, arbitrary, or capricious." *Denning*, 299 Kan. at 1075.

In contrast, K.S.A. 77-621(c), is broader and provides that a district court may grant relief when:

"(1) The agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied;

"(2) the agency has acted beyond the jurisdiction conferred by any provision of law;

"(3) the agency has not decided an issue requiring resolution;

"(4) the agency has erroneously interpreted or applied the law;

"(5) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure;

"(6) the persons taking the agency action were improperly constituted as a decision-making body or subject to disqualification;

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious."

A thorough reading of the two provisions, in tandem, reveals that the grounds for review articulated under K.S.A. 60-2101(d) overlap with K.S.A. 77-621(c)(2), (c)(7), and (c)(8). Thus, in using the KJRA, the district court potentially considered a broader potential spectrum for relief. It is hard to surmise what harm, if any, could result from the district court considering *more* grounds for relief, and Appelhanz fails to explain that point. It seems Appelhanz mistakenly interprets K.S.A. 60-2101(d) as vesting the district

court with the authority to review *any* legal claims a petitioner raises. But this conflicts with our Supreme Court's guidance in *Denning*, 299 Kan. at 1075.

Further, even if the district court committed error in using the KJRA as its guide, Appelhanz invited the error by citing K.S.A. 77-621 in his petition for judicial review. In its order, the district court noted Appelhanz was appealing under both K.S.A. 60-2101(d) and the KJRA. Any confusion the district court may have had as to Appelhanz' asserted grounds for relief stems from Appelhanz' intermingling of authority in his petition. It is well established a party may not invite error below and then complain of it on appeal. See *Water Dist. No. 1 of Johnson Co. v. Prairie Ctr. Dev.*, 304 Kan. 603, 618, 375 P.3d 304 (2016).

In sum, we find no error in the framework under which the district court reviewed Appelhanz' claim.

*The District Court Properly Denied Appelhanz' Equal Protection Claim.*

Appelhanz also argues that the district court erred in denying his equal protection claim without allowing for additional briefing. Upon careful review, we conclude the district court properly denied Appelhanz' claim because more briefing would not have helped advance his argument in any way. The district court soundly concluded Appelhanz had no valid claim and his allegations were conclusory. Thus, more briefing would not materially aid the court. A review of Appelhanz' amended petition shows he only incidentally raised his equal protection claim as part of a group of conclusory allegations designed to showcase that the City committed fraud by misrepresenting the number of items it disposed of and the cost for doing so.

Before this court, Appelhanz' equal protection argument identifies no harm for which this court may grant relief. His substantive argument lies in the fact that 1) the City

13

billed him for the removal of items from his property and the bill contained no indication he had the right to appeal; 2) the administrative hearing officer suggested there was no further appeal right; and 3) the final administrative order did not provide any notice of his appeal rights and did not explain the basis for the $50 reduction of the City's bill. Appelhanz' complaints about not being informed or being misinformed as to his right to appeal are moot because Appelhanz did, in fact, file an appeal.

As to Appelhanz' complaint about the lack of explanation surrounding the administrative hearing officer's reduction of the bill, he fails to fully argue, much less explain, how his bill was excessive or improper. He does offer the conclusory assertion that the order was too vague to allow for meaningful review, but he does not provide a corresponding, substantive argument to buttress his claim. We consider a point incidentally raised but not argued as deemed waived or abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). Further, the transcript of the administrative hearing clarified the relevant bases for the administrative hearing officer's determination of the amount of the bill. So, a fair review of the record belies Appelhanz' claim.

Appelhanz has also seemingly abandoned the allegations of fraud in which he couches his equal protection claim. To the extent that he alleges any impropriety on the part of the City, he asserts:  "[He] challenged the entire bill and the entire administrative law process as factually unjustifiable, manifestly unprincipled and patently unreasonable." But Appelhanz fails to fully flesh out any contentions of fraudulent conduct or improper actions by the City or the administrative hearing officer. Again, this is a point incidentally raised but not argued and we consider it abandoned. See *Russell*, 306 Kan. at 1089.

We conclude that, in large measure, this issue is moot and Appelhanz has waived the tangential issues incidentally raised because of improper briefing. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not adequately briefed

14

considered waived or abandoned); *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012) (Kansas appellate courts rarely address moot issues or give advisory opinions). Appelhanz' arguments do not persuade us that reversal back to the district court is required.

*The District Court Correctly Determined Appelhanz' Due Process Claims Were Moot.*

Appelhanz also argues the district court erred in dismissing his due process claims as moot. Much like his first two issues, however, Appelhanz' due process argument lacks the substantive components required to allow for meaningful review. Essentially, it appears Appelhanz is seeking an advisory opinion on how the City and the administrative hearing officer should conduct future proceedings similar to what Appelhanz participated in. Yet this court does not render advisory opinions. See *Montgomery*, 295 Kan. at 840.

In its order, the district court noted its concerns about the lack of notice as to the relevant procedure for appeal. Appelhanz' argument effectively assumes the district court's concerns will go unheeded absent this court reiterating the same. His argument on this point is speculative. Even if Appelhanz were denied a measure of due process for lack of notice from the City, or proper instruction from the administrative hearing officer, he properly presented his claims on appeal to the district court. Appelhanz suffered no harm as the result of any deficiencies in the proceedings below. The district court properly determined the issue was moot.

*The Municipal Ordinance Setting Forth The Procedure For Appealing An Administrative Order is Not Invalid.*

Appelhanz also argues that we should declare the City ordinance prescribing the procedure for appeal of an administrative hearing officer's decision invalid. His argument for precisely *why* we should strike the ordinance is generally unclear. Without citing any particular statute or pertinent authority, he simply states that "the . . . ordinance does

15

appear to contradict Kansas law governing the Service of Process." It is also not entirely clear which ordinance Appelhanz' argument relates to. In his brief, he cites "Property Maintenance Code Division Standard Operating Procedure PMC IV. Procedure A. Administrative Appeals (5)," purportedly stating:

> "A property owner may appeal an Administrative Hearing Officer's order to the district court pursuant to K.S.A. 60-2101(d) and amendments thereto by: (1) filing a notice of appeal with the *Code Official* within 30 days of the entry of the order, and (2) filing with the clerk of the district court for [Shawnee County] copies of all pertinent proceedings associated with this action prepared by the Code Official, at the aggrieved property owner's request."

Appelhanz does not identify or cite where this language is codified under the Topeka Municipal Code. As a result, his briefing of this issue—asking this court to declare invalid an ordinance to which he does not specifically cite—seems improper. Appelhanz fails to convince us that he is challenging an actual ordinance, rather than mere guidelines of practice and procedure. As the City points out, Appelhanz is challenging the property maintenance code division's standard operating procedures, which is merely an administrative document. The actual Municipal Code section, T.M.C. 8.60.111.1(f), provides: "The order may be appealed to the district court in accordance with K.S.A. 60-2101 and amendments thereto." Nothing about the code section appears contrary to statutory authority or established Kansas appellate precedent.

Further, Appelhanz' argument on this point, to some degree, simply constitutes a rehashing of his complaint that the administrative hearing officer incorrectly advised him about any further appeal rights he might have. As another tangential point, Appelhanz makes a conclusory allegation of "systemic and institutional" failures of "due process in the City's adjudications." His allegation lacks any citation to pertinent authority or evidentiary support in the record.

16

Appelhanz has failed to properly brief this issue by: (1) Not citing the ordinance he asks this court to declare invalid; (2) not citing to any authority he claims conflicts with the procedure allegedly prescribed by the ordinance; (3) citing administrative procedural guidelines rather than the actual ordinance; and (4) raising argumentative points and conclusory allegations not germane to the issue. We likewise consider this issue waived or abandoned based on improper briefing. See *In re Marriage of Williams*, 307 Kan. at 977. Even so, to the extent that we can delve into the merits, we conclude Appelhanz' arguments are unpersuasive because he is not challenging the language of the relevant ordinance.

Affirmed.